STATE of Missouri, Respondent,

v.

Bill G. TURNER, Appellant.

No. 55187.

Supreme Court of Missouri,
Division No. 2.

Feb. 8, 1971.

**724**

---

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Patrick Horner, Auxvasse, for appellant.

PRITCHARD, Commissioner.

Appellant was convicted of the crime of uttering a forged or altered instrument and as a second offender was sentenced by the court to seven years imprisonment.

For the week of December 18, 1966, a payroll check was issued to appellant for his net pay, after deductions, of $31.76 by the Kaiser Aluminum and Chemical Corporation. In the afternoon of December 23, 1966, appellant presented a check for $131.76 to Mr. Carl Barr, manager of the Gamble Store in Mexico, Missouri, for payment of a $25.70 gun. Mr. Barr paid the appellant the balance in cash. The $131.76 check was examined by Sergeant James G. Runkle of the State Highway Patrol who found a difference in shading of the numeral "1" in the amount of the check. The $100 difference in the check issued by Kaiser was found by it upon reconciliation of its bank account. Appellant's evidence was that he presented his $31.76 check to the Gamble store in payment of a Christmas present gun of around $24.00, and shortly thereafter his ex-wife loaned him $12.00 so he could purchase a camera from Ward's.

The first complaint is that the court erred in not declaring a mistrial on its own motion after answers to questions were made by venireman Kilgore "which would indicate that he spoke from a position of knowledge, i. e., his conversations with Mrs. Barr, would have had such a prejudicial effect upon the jury panel as to deprive defendant of a fair trial, * * *." The matter arose thus:

"MR. OSBORNE: Mr. Kilgore, have you discussed this case with anybody?

MR. KILGORE: Yes; I talked with Mrs. Barr. She works with me.

MR. OSBORNE: When was that, Mr. Kilgore?

MR. KILGORE: Some days ago.

MR. OSBORNE: Mr. Kilgore, could you set that aside and base your decision in this case solely on the evidence as it comes from the witness stand and the court's instructions, if you are chosen as a juror?

MR. KILGORE: I guess so.

\* \* \* \* \* \*

MR. HORNER: Mr. Kilgore, I believe you testified a while ago that Mrs. Barr works with you, is that correct?

MR. KILGORE: Uh-huh.

MR. HORNER: Mr. Kilgore, do you feel that your acquaintance with her would affect your decision if you were chosen to act as a juror in this case?

MR. KILGORE: Well, I don't know.

MR. HORNER: Thank you for your frankness, Mr. Kilgore. Your Honor, I challenge Mr. Kilgore for cause.

THE COURT: Mr. Kilgore, does the Court understand that you would give greater weight to the testimony of a person employed by you than to other witnesses?

MR. KILGORE: Well, I don't think I would.

THE COURT: Do you believe that if you heard the evidence in this case you would give greater weight to her testimony than any other witness?

MR. KILGORE: No, I don't think I would.

THE COURT: The Court will deny your motion at this time, Mr. Horner."

The transcript does not indicate that juror Kilgore was discharged for cause, but appellant in his brief states that he later developed further the prejudice of the juror and the court sustained his challenge of Mr. Kilgore for cause. Appellant suggests that not all of the voir dire examination is in the transcript, that what therein appears is all that the reporter had, and that portions were not in it because the reporter was unable to hear what was said. Counsel approved the transcript, and nothing appears by way of any attempt to amend or supplement it. All that may be considered is the transcript filed in this court.

■ As indicated, appellant did not move to discharge the entire jury panel on the ground that juror Kilgore's remarks were prejudicial in the sense that he possessed superior knowledge of the alleged offense which prejudice pervaded the entire panel. And as noted, as conceded in appellant's brief, juror Kilgore was subsequently excused by the court. The question then becomes whether the answers and remarks of juror Kilgore were in fact so prejudicial as to infect the entire panel. The question is answered in State v. Taylor, Mo., 324 S.W.2d 643, 648 [9–11]: "Normally, the disqualification of an individual juror for the expression of an opinion, or for making remarks indicating bias, is not a sufficient ground for a challenge of the entire panel. State v. Weidlich, Mo., 269 S.W.2d 69, 71 [4]." And, as observed in the Taylor case, the evaluation of the effect upon others of an outburst of a venireman, or the handling, is a matter entrusted largely to the trial court's discretion. No abuse of that discretion here appears, and Point I is overruled as is Point II saying that the trial court erred in not disqualifying juror Kilgore, who according to appellant's brief was in fact disqualified on further argument.

■ Instruction No. 3 is claimed to be erroneous, in that it required the jury to find that appellant (by the altered check) obtained money from the Kaiser Aluminum and Chemical Corporation instead of from Carl Barr (manager of Gamble's) through whom the $131.76 check was negotiated. Suffice it to say that the record shows that Mr. Barr received $131.76 from the bank where he deposited the check. There was direct testimony that Kaiser suffered the $100.00 loss, and thus the instruction was supported by the evidence. Point III is overruled.

■ By Point IV appellant contends he was entitled to have the charge dismissed because more than four terms had elapsed after the filing of the original information against him. Circuit No. 12 consists of the counties of Audrain, Montgomery and Warren. § 478.105, RSMo 1969, V.A.M.S. Under § 478.237 Audrain County has terms of court set for the first Mondays in March, June, September and December. The original information was filed on February 11, 1967, this being within the December 1966 Term of the court, which term is not to be counted in computing elapsed terms before trial. State v. Malone, Mo., 301 S.W.2d 750, 755 [2–4]. The record shows that appellant was admitted to bail. §§ 545.900 and 545.920, RSMo 1969, V.A.M.S., apply. Trial began on September 9, 1969, during the September Term of court. Intervening terms of court after the information was filed were therefore March, June, September and December, 1967. Appellant says in his pro se motion for discharge (the third motion) that on March 31, 1967 a previously granted parole was revoked and he was then transported to the Department of Corrections where he has remained. But the records show that on February 5, 1968, on the writ of the state, appellant was pro-

duced for arraignment. At that time he pleaded indigency and requested appointment of counsel which was done. He then moved that the arraignment be continued to March 4, 1968, and the continuance was granted, and on March 4, 1968 he filed his first motion for discharge, which was denied March 21, 1968. On April 1, 1968, appellant was arraigned and the case was set for trial May 14, 1968. The second motion for discharge was filed May 2, 1968 and overruled May 7, 1968. Appellant thereafter moved to disqualify the regular judge, counsel was permitted to withdraw on two occasions and reappointments made of appellant's present counsel, and the case was continued once on the court's own motion. Under the facts here, the March, June and September terms in 1967 had expired. It was in the December Term, 1967 (the fourth term) that appellant was produced for arraignment. If he had done nothing at that time (February 5, 1968) he would have been entitled to discharge under § 545.920. But on that date appellant moved that his arraignment be continued to March 4, 1968, the beginning of the fifth term of court. Thus the delay for a trial was occasioned by appellant's act, and the December 1967 Term must be excluded resulting in only three terms of court having expired. After March 4, 1968, further delays were occasioned by appellant's acts and therefore no right of discharge arose after that date. Point IV is overruled.

The judgment is affirmed.

BARRETT, and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.