**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence ARNOLD, Defendant-Appellant.**

**No. 561–70.**

United States Court of Appeals,
Tenth Circuit.

June 29, 1971.

Peter H. Ney, Englewood, Colo., for appellant.

Gordon L. Allott, Jr., First Asst. U. S. Atty. (James L. Treece, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and COFFIN,* Circuit Judges.

LEWIS, Chief Judge.

Arnold was convicted of a violation of 21 U.S.C. § 331(q) (1) [1] charged in an indictment dated February 14, 1969. The offense is the unlawful manufacture, compounding or processing of a depressant or stimulant drug. The cited statute is complemented by 21 U.S.C. § 360 a(a) (5) [2] which grants specific authoritative exception to certain persons from the substantive statute including "[p]ersons who use depressant or stimulant drugs in research, teaching, or chemical analysis, and not for sale." The contention is now made that the trial court erroneously and prejudicially, and over proper objection, instructed the jury concerning the effect of section 360a(a) (5) in its consideration of the evidence in the case. Such evidence need not here be detailed but is narrated in part in an earlier opinion of this court. *See* 425 F.2d 204.

The parties and the court agreed and recognized that Arnold produced sufficient evidence from the testimony of others to establish an issue as to whether

---

* Of the First Circuit, sitting by designation.

I. Title 21 was comprehensively amended in 1970. The substance of subsection (q) is now found in § 841(a) (1).

2. In substance, now § 360(g) (3).

his manufacture and possession of the designated drug was for the purpose of research. The trial court viewed this evidence as an attempt to establish an affirmative defense and in apparent reliance on United States v. Rowlette, 7 Cir., 397 F.2d 475, so charged the jury stating:

> Now this is an affirmative defense on the part of the defendant, and the burden of proving the facts that he has to establish the defense is on the defendant.

We deem this instruction to be contrary to the present law of this circuit and not cured by subsequent instructions which the government contends overwhelmed it. This court has specifically held that a defendant has no burden of proof to establish the defense of entrapment and when the issue is once raised the government has the burden of negation by proof beyond a reasonable doubt. Martinez v. United States, 373 F.2d 810. Such rule has even more apparent procedural justification in the case at bar than when considered in the issue of entrapment. In *Martinez*, this court, speaking through Judge Hill, referred to entrapment as an affirmative defense in the nature of confession and avoidance. We would not so interpret the provisions of section 360a(a) (5) but would consider such provisions to establish a specific defense to the crime through authorization. This distinction has no present significance in the law of this circuit but is recognized in proposed legislation now under consideration by the Congress as one justifying a lesser degree of procedural obligation on the defendant in advancing the defense.

The court erred in instructing the jury that defendant had any burden of proof. Where, as here, the issue of appellant's authorization became properly established that fact should be tacitly recognized by the court in an instruction requiring the government to negate the authority by proof beyond a reasonable doubt.

The case is remanded with directions to grant a new trial.