**STATE of Missouri, Respondent,**

v.

**Gary Lee WEINZERL, Appellant.**

**No. KCD26038.**

Missouri Court of Appeals,
Kansas City District.

May 7, 1973.

Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

Defendant was convicted by a jury upon two indictments which charged sales of hallucinogenic drugs. Defendant offered no evidence but elected to stand on his motion, denied by the court, for judgment of acquittal at the close of the state's case. The state's evidence proved conclusively that the sales had been set up by an informer and made by defendant to an undercover police agent. The court submitted the issue of entrapment to the jury. Defendant contends that the court should have declared entrapment as a matter of law and adjudged his acquittal because the state failed to rebut the issue of entrapment by evidence from which the jury could conclude that he was predisposed to commit the crimes charged.

The evidence was uncontradicted. Officer John Ramsey, a Missouri Highway Patrolman assigned to undercover drug investigation in Clay County, drove to a park in North Kansas City, accompanied by Carlyn Ogden, an informer. There, by pre-arrangement of the informer, they met the defendant who was then in the company of two other men. After some badinage, Ramsey asked the defendant "if he had the

stuff". Defendant stated that he did, that he would sell Ramsey "chocolate chip mescaline and purple acid". Defendant withdrew from his shirt pocket two clear plastic bags containing quantities of what was later analyzed as 4-methyl 2 and 5-dimethoxy alpha methyl phenylethyami (STP and LSD). From this quantity, the group counted out the number of pills specified by Ramsey. Ramsey then asked defendant "how much money he wanted", to which defendant replied, "215.00", specifying the cost of each group of pills. Ramsey handed defendant the money and he and the informer left the park, taking with them the drugs so purchased.

Cross-examination of the prosecution's witnesses disclosed that at the time of the transaction Carlyn Ogden, the informer, was under charge by the Clay County Prosecutor for possession of drugs, but that after defendant's arrest, the charge was dismissed. The informer was not called as a witness by the prosecution, and both of the witnesses for the state denied knowledge of where she could be found. Nor did Officer Ramsey have knowledge of what had taken place at the earlier encounter between the informer and the defendant. Although Jack Corum, an investigator for the Clay County Prosecutor did not know of any agreement with the informer by the prosecutor's office, he understood that Ogden's "job as an informant was to contact the people who she knew was dealing in drugs and set up a 'buy' with our undercover people". The transaction between defendant and Ramsey was such a sale set up by Ogden.

Although the law of entrapment has been firmly established in Missouri for many years,[1] the questions which come on

this appeal—upon whom does the burden rest to raise the issue, and if raised, what is the consequence for the state's failure to rebut an unlawful entrapment?—have yet to be fully answered by our courts. The determination of these questions is directly related to the nature of the principle of entrapment and the rationale upon which it rests.

■ The Missouri Supreme Court defined the entrapment principle in State v. Decker, 321 Mo. 1163, 14 S.W.2d 617 (1929), l.c. 619–620 [3, 4]:

> Where the criminal intent originates in the mind of the defendant on trial, and the offense is accomplished, it constitutes no defense that an opportunity is furnished, or that an officer aids the accused in the commission of the crime, in order to obtain evidence upon which to prosecute him. But where the criminal intent originates in the mind of the entrapper, and the accused is lured into the commission of the offense charged, in order to prosecute him therefor, it is the general rule that no conviction may be had, though the criminality of the act is not affected by any question of consent.

This declaration has become a fixed rule of law and has been followed consistently by the courts of this state.[2] Decker held also, and Martin[3] reaffirmed, that when the entrapment issue arises upon substantial evidence, it becomes one of the elements of the offense upon which the court must instruct as part of the law of the case. See also, State v. Hicks, 326 Mo. 1056, 33 S.W.2d 923, 925 [1–8]. The necessary implications of these holdings are that a submissible issue of entrapment arises from substantial evidence produced by either the state or the defendant[4] that

---

1. Carron, Entrapment: A Critical Discussion 37 Mo.L.Rev. 633, 637 (1972).

2. See, among others, Kansas City v. Martin, 369 S.W.2d 602 (Mo.App.1963); State v. Hammond, 447 S.W.2d 253 (Mo. 1969); State v. Stock, 463 S.W.2d 889 (Mo.1971); State v. Hicks, 326 Mo. 1056, 33 S.W.2d 923 (1930).

3. Kansas City v. Martin, 369 S.W.2d 602, 607 [10, 11] (Mo.App.1963).

4. In Martin, supra, the defendant gave no testimony but since there was substantial evidence of entrapment in the state's case, a submissible issue was made out for the jury.

the criminal intent for the commission of the offense "originate(d) in the mind of the entrapp(ing)" governmental agent, and upon such a prima facie showing, the burden is cast on the state to prove beyond a reasonable doubt that the criminal intent did not originate in the mind of the governmental agent. State v. Hammond, 447 S.W.2d 253, 254–255 [2] (Mo. 1969). Neither these nor other Missouri decisions have dealt with the related questions remaining on appeal: when the issue of entrapment is raised by substantial evidence, does the law also impose upon the state the procedural burden of going forward with evidence that defendant was not entrapped, and if so, what is the legal effect of the state's failure to meet the burden of rebuttal?

Although the law of entrapment has developed independently in Missouri[5] our courts have recognized the precedent of federal decisions and practice[6] and the authority of the principles adopted by the United States Supreme Court in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L. Ed.2d 848 (1958).[7] The *Sorrells* court adopted (287 U.S. 1. c. 451, 53 S.Ct. 1. c. 216) and *Sherman* reaffirmed (356 U.S. 1. c. 372–373, 78 S.Ct. 819), an origin of intent test for entrapment identical in all but expression with that of State v. Decker, *supra,* by which the relevant inquiry is whether the crime resulted from "(t)he predisposition and criminal design of the defendant" or "the creative activity" of the governmental agents. Although neither *Sorrells* nor *Sherman* spoke directly to the questions raised here—what burden does the law impose upon the prosecution once the entrapment issue has been raised by substantial evidence?—the lower federal courts have developed a rule congruent with the state of the Missouri law on the subject.

In the first appeal of the Sherman case (the second appeal reached the United States Supreme Court), Judge Learned Hand first defined the nature of the rebuttal required of the prosecution to effectively respond to evidence of an offense induced by an entrapment, United States v. Sherman, 200 F.2d 880 (2d Cir. 1952), 1. c. 882:

> (I)t is a valid reply to the [entrapment] defence, if the prosecution can satisfy the jury that the accused was ready and willing to commit the offence charged, whenever the opportunity offered. In that event the inducement which brought about the actual offence was no more than one instance of the kind of conduct in which the accused was prepared to engage; and the prosecution has not seduced an innocent person, but has only provided the means for the accused to realize his preexisting purpose . . .

and then defined the elements of a submissible entrapment issue and ascribed the burden for the proof of each, 1. c. 882 [2–5]:

> Therefore in such cases two questions of fact arise: (1) did the agent induce the accused to commit the offence charged . . . (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offence. *On the first*

5. However, Butts v. United States, 273 F. 35 (8th Cir. 1921) is a common source of influence in the formulation of both the contemporary Missouri entrapment rule (State v. Decker, *supra* 14 S.W.2d 1. c. 620) and the United States Supreme Court rule (Sorrells v. United States, *infra,* 287 U.S. 1. c. 444, 53 S.Ct. 210).

6. E. g., State v. Hammond, *supra,* submitted the entrapment issue in substantially

the form of Instruction No. 10, Mathes and Devitt, Federal Jury Practice and Instructions and on principles approved in Cross v. United States, 347 F.2d 327 (8th Cir. 1965).

7. State v. Taylor, 375 S.W.2d 58, 61 [1–3] (Mo.1964) ; State v. Napolis, 436 S.W.2d 645, 648 [2, 3] (Mo.1969) ; State v. Van Regenmorter, 465 S.W.2d 613, 617 [1] (Mo.1971).

*question the accused has the burden; on the second the prosecution has it.* (Emphasis supplied.)

Subsequent cases have recognized, however, that the Judge Learned Hand burden of proof idiom is not aptly applied to a criminal defendant and, when submitted in the terms of his declaration, tends to mislead a jury. United States v. Pugliese, 346 F.2d 861, 862 [1] (2d Cir. 1965); Kadis v. United States, 373 F.2d 370, 372–373 (1st Cir. 1967); Notaro v. United States, 363 F.2d 169, 174 [2, 3] (9th Cir. 1966). Consonant with fundamental precepts that the burden rests on the prosecution throughout the trial to prove guilt beyond a reasonable doubt and that the law imposes no duty on a defendant in a criminal case to adduce any evidence (Wharton's Criminal Evidence § 13, 13th ed.), reasoned federal decisions have adopted the view that once the issue arises, "and the determination of the ultimate question of entrapment is submitted to the jury, 'it is better [that the instructions not] speak in terms of the defendant having [any burden whatsoever]'. Johnson v. United States, 115 U.S.App.D.C. 63, 317 F.2d 127, 129 (1963)." Notaro v. United States, *supra,* l. c. 175 [7]; United States v. Arnold, 445 F.2d 290 (10th Cir. 1971). This view accords with the Missouri rule of *Decker* and *Martin, supra,* that a defendant has no burden on the issue of entrapment so that "when it can be said that the issue of entrapment has fairly arisen, whether by testimony given during the presentation of the prosecution's case in chief or by testimony offered in defense, the defendant has met whatever 'burden' rests upon him". Notaro v. United States, *supra,* 363 F.2d l. c. 174 [4–6]; Kadis v. United States, *supra,* 373 F.2d l. c. 374; United States v. DeVore, 423 F.2d 1069, 1071 [5, 6] (4th Cir. 1970); Lopez v. United States, 373 U.S. 427, 435, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

Those authorities which have considered the proof of entrapment methodology are in accord, also, that where substantial evidence of inducement by governmental agent appears, the procedural burden devolves upon the prosecution to rebut the inference of unlawful inducement by substantial evidence of the predisposition of defendant to commit the offense, in default of which, a jury issue of entrapment has not been made, and defendant, "having established entrapment as a matter of law, is entitled to a judgment of acquittal". United States v. Groessel, 440 F.2d 602, 606 [11–13] (5th Cir. 1971); Martinez v. United States, 373 F.2d 810, 812 [4–7] (10th Cir. 1967); United States v. Haden, 397 F.2d 460, 466 [6, 7] (7th Cir. 1968). And where the evidence of inducement comes from defendant, the prosecution cannot rest on a challenge to the credibility of defendant; it must come forward with some contradictory evidence or suffer the adverse direction of a judgment of acquittal. United States v. Bueno, 447 F.2d 903, 906 [2] (5th Cir. 1971). This principle, that entrapment as a matter of law is shown from " 'undisputed evidence that government agents originated the criminal design' ", has been acknowledged by the Missouri Supreme Court. State v. Davis, 450 S.W.2d 168, 171 [5] (Mo.1970).

■ The rationale of this rule which requires the prosecution to rebut a substantial showing of inducement or suffer a judgment of acquittal is found in the distinctive nature of the entrapment principle itself. Entrapment is better understood by analogy to conventional "defenses" in criminal cases, such as self-defense and alibi. The prosecution does not suffer an adverse judgment as a matter of law for failure to rebut evidence of a self-defense or alibi. That is because, unlike entrapment, proof of the constituent elements of the offense is also disproof of the "defense" and a jury issue is raised as to both. Thus, while the burden rests on the prosecution throughout to prove beyond a reasonable doubt both the essential elements of the offense and, where there is substantial evidence of self-defense, that the killing was not done in self-defense

(State v. Minnis, 486 S.W.2d 280, 284 [3–5] (Mo.1972) ) or, in case of alibi, that the defendant was present at the scene of the crime (State v. Reece, 324 S.W.2d 656, 661 [11–13] (Mo.1959)), absence of self-defense is proved by evidence that the killing was done with malice, an essential element of a charge of homicide (State v. Malone, 327 Mo. 1217, 39 S.W.2d 786, 790 [5] (1931), Perkins on Criminal Law, 2d ed., pp. 48–51), and alibi is proved by evidence that it was defendant who committed the offense (State v. Reece, *supra,* 324 S.W.2d l. c. 661 [11–13], 1 Wharton's Criminal Evidence, 13th ed. § 23).

■■■ Proof of the normally constituent elements of an offense, however, does not prove absence of entrapment. That is because the rule of entrapment "is based upon the assumption that the act charged was committed". State v. Taylor, *supra,* 375 S.W.2d l. c. 62 [4–6]; State v. Stock, *supra,* 463 S.W.2d l. c. 892 [1]. "Entrapment is allowed . . . not because the defendant has not committed the acts constituting the crime, but because entrapment, as legally defined, is unacceptable to a sense of justice and fair play." Waker v. United States, 344 F.2d 795, 796 [1–4] (1st Cir. 1965). Therefore, it is not the intent with which the defendant committed the offense which is ultimately determinative of the entrapment issue, but with whom that intent originated.

■■■ Whatever the basis upon which the entrapment rule may be understood to rest—whether on a principle of legislative intent such as adopted by the majority of the United States Supreme Court in *Sorrells* or *Sherman* or on a policy against governmental manufacture of a crime, see State v. Hicks, *supra,* 33 S.W.2d l. c. 925 [1–3]—Missouri law effectuates its purpose by establishing, once substantial evidence of entrapment appears, absence of entrapment as an additional element of the criminal offense: "The law of the case comprehends the elements of the offense charged, *as shown by the evidence. En-*

*trapment was one of the elements of the offense, for, if defendant was entrapped, he was not guilty."* (Emphasis supplied). State v. Decker, *supra,* 1. c. 620 [6–8]; Kansas City v. Martin, *supra,* 1. c. 607 [10–11]. The rationale is evident that an issue of entrapment arises upon substantial evidence that the defendant was induced into the commission of the crime by the governmental agent. Upon that showing, absence of entrapment becomes an element of the offense. The prosecution thereupon has the burden to make some prima facie proof of that element by substantial evidence that the criminal intent did not originate with the governmental agent but "in the mind of the defendant on trial" who was disposed to it. State v. Decker, *supra,* 14 S.W.2d l. c. 619 [3, 4]; United States v. Groessel, *supra,* l. c. 606 [11–13]. In the absence of such proof, the prosecution has failed to make a submissible issue of fact for the jury on the element of the offense that defendant was not entrapped, and an acquittal as a matter of law will be adjudged for the defendant. United States v. Groessel, *supra,* 440 F.2d l. c. 606 [11–13]; United States v. Haden, *supra,* 397 F.2d l. c. 466 [6, 7]; State v. Davis, *supra,* 450 S.W.2d l. c. 171 [5]; State v. Fields, 262 Mo. 158, 170 S.W. 1132, 1134 [5, 6] (1914). The procedural burden on the prosecution to come forward with some substantial evidence of absence of entrapment in order to escape an adverse judgment as a matter of law in no manner diminishes the ultimate and continuing burden of the prosecution, once it has adduced substantial evidence of absence of entrapment, to prove that element of the charge beyond a reasonable doubt. That burden is always on the prosecution; it never shifts. United States v. Groessel, *supra,* 440 F.2d l. c. 606 [11–13]; State v. Reeder, 395 S.W.2d 209, 210 [1] (Mo.1965).

We reject defendant's claim to entrapment as a matter of law and hold, rather, that there was no substantial evidence that defendant was induced by the informer or Officer Ramsey to the commission of the

crime of which he was convicted. Entrapment did not become an element of the offense charged and no legal duty devolved upon the prosecution to adduce evidence to prove absence of entrapment, that is, that the criminal intent did not originate with either Ogden or Ramsey. The submission of the entrapment issue by instruction to the jury was a benefit to which defendant was not entitled and a burden which the state should not have borne.

The sole basis upon which defendant rests his claim of entrapment is the presence of the informer during the events culminating in the illegal sale. There is no evidence that the informer, in fact, solicited defendant to make the sale of drugs, although solicitation is a reasonable inference. There is not, however, any evidence in the record of a defendant importuned by repeated enticements to commit the crime (United States v. Sherman, *supra*), subjection of defendant to economic duress (Carson v. United States, 310 F.2d 568 [3] (9th Cir. 1962) ), a prompting by an offer of money or other reward (State v. Decker, *supra*; Hamilton v. United States 221 F.2d 611 [5] (5th Cir. 1955) ), an insinuation into defendant's trust and confidence as a prelude to solicitation of crime (State v. Taylor, *supra*) or other conduct which will induce one not predisposed to the commission of a crime, any of which has been held sufficient to raise the issue of entrapment.

Although "any evidence . . . that the government agents went beyond a simple request and pleaded or argued with the defendant should be enough" Kadis v. United States, *supra*, at 374, it is clear that a showing of solicitation alone, as appears in this case, will not raise an issue of entrapment. State v. Napolis, *supra*; State v. Crump, 454 S.W.2d 519 (Mo.1970); Kibby v. United States, 372 F.2d 598, 602 [5] (8th Cir. 1967). Solicitation will raise an issue of entrapment when it is coupled with a showing of reluctance or unreadiness on the part of the defendant to accept the solicitation. State v. Van Regenmorter, *supra*, 465 S.W.2d 1. c. 617 [1]. Nor does the use of a governmental agent in the pose of a willing buyer or the use of an informer to provide a willing buyer of narcotics, without any overreaching, raise an issue of entrapment. State v. Napolis, *supra*.

This record which shows only that defendant was solicited for the sale of drugs by an informer and governmental agent, to which defendant responded promptly and without reluctance, fails to raise an issue of entrapment.

The judgment is affirmed.

All concur.