STATE of Missouri, Plaintiff-Respondent,

v.

**Larry Dennis MURPHY,
Defendant-Appellant.**

No. 36652.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 10, 1976.

Joseph W. Warzycki, Asst. Public Defender, Charles D. Kitchin, Public Defender, James C. Jones, III, Robert O'Blennis, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction for assault with intent to kill with malice. § 559.180 RSMo 1969. He was sentenced by the trial court to 38 years imprisonment under the Second Offender Act. § 556.280 RSMo 1969. We affirm.

About 1:20 a. m. on October 18, 1973, two men entered a liquor store in north St. Louis and asked a clerk for change for a one dollar bill. As the clerk prepared to give the change, one of the men pulled a revolver and shot and seriously wounded the clerk. The two men then fled.

On November 26, 1973, the victim viewed a police lineup and identified the defendant as the man who had shot him. At the trial the victim again identified defendant as his assailant.

The defendant's alibi evidence was that he was playing cards with several other people at the time the shooting occurred.

Defendant's first point on appeal concerns the following portion of the voir dire examination:

"DEFENSE COUNSEL: Would the fact you have a close friend who is a police officer hinder your ability to give a fair judgment in this case?

"VENIREMAN: No. But I do have a question. I have seen this young man around, so I'd rather not serve.

"THE COURT: You mean the prosecutor?

"VENIREMAN: No. This young man here.

"DEFENSE COUNSEL: You know the defendant?

"VENIREMAN: No, I don't know him, but I've seen him around.

"DEFENSE COUNSEL: And because of this fact you don't feel you could give a fair and impartial verdict?

"VENIREMAN: Right."

Defense counsel moved for a mistrial or, in the alternative, for the venireman's dismissal for cause. The court denied the motion for mistrial but did dismiss the venireman for cause.

The defendant contends the trial court erred in denying his motion for mistrial because the venireman's statement "indicated to the entire jury panel by the manner in which it was stated that the defendant was an unsavory character. This so prejudiced and poisoned the entire jury panel that the defendant was prevented from receiving a fair trial from an impartial jury."

█ The trial court has considerable discretion in ruling on challenges of jurors who are not disqualified as a matter of law. *State v. Fields,* 442 S.W.2d 30[7] (Mo.1969). In particular, the evaluation of the effect of a venireman's comments upon the other prospective jurors, and the necessary remedies, are matters entrusted largely to the trial court's discretion. *State v. Turner,* 462 S.W.2d 723[1] (Mo.1971).

Normally, the disqualification of an individual juror for an expression of an opinion, or for making remarks indicating bias, is not a sufficient ground for a challenge of the entire panel. *State v. Turner, supra; State v. Taylor,* 324 S.W.2d 643[9] (Mo.1959). In the instant case the venireman's comments, on their face, do not necessarily reflect a personal disapproval of the defendant, but only the fact that he had seen the defendant before. The defendant maintains the venireman's comments were uttered in such a manner as to indicate that he felt defendant was an unsavory character. The trial court, having heard both the venireman's words and his tone of voice, was the best judge of any possible prejudicial impact on the jury.

The defendant contends the trial court should at least have instructed the jury panel to disregard the venireman's remarks. This again was a matter for the trial court's discretion after hearing the comments.

The trial court is in a much better position than this court to evaluate the effect upon others of a venireman's voir dire comments, and the handling of the matter must be entrusted largely to its discretion. On the record before us, it has not been demonstrated that the trial court abused its discretion in refusing to grant a mistrial and in failing to admonish the jury panel. *State v. Taylor, supra.*

Defendant's second point on appeal is that the trial court erred in denying his motion for acquittal at the close of the entire case because the state had failed to make a submissible case.

In determining whether a submissible case was made, we must view the evidence most favorably to the state, consider the favorable inferences reasonably to be drawn therefrom, and reject evidence to the contrary. If there is substantial evidence to support the finding of the jury, it will not be disturbed on appeal. *State v. Gamache,* 519 S.W.2d 34[1] (Mo.App.1975).

In this case the defendant and his companion were in the liquor store for about four minutes before the shooting. During this time the victim viewed the two men. When the defendant approached the victim and asked for change, he was only about two feet from the victim, face-to-face. The victim had a clear view of the defendant's face. The victim later positively identified the defendant as his assailant at a police lineup and at the trial.

These identifications convince us that a submissible case was made for the jury, and the trial court did not err in denying defendant's motion for acquittal at the end of the entire case.

Defendant's final contention on appeal is that the trial court erred in failing to instruct the jury on the lesser included offense of assault with intent to kill without malice.

Defendant acknowledges this point has not been preserved for appeal by a timely objection or by inclusion in his motion for a new trial, but he asks us to review the point under the plain error doctrine. Rule 27.-20(c).

The plain error provision of Rule 27.20(c) is not available in matters relating to instructions unless the trial court has so misdirected or failed to instruct on the law of the case so as to cause manifest injustice. *State v. Bridges,* 491 S.W.2d 543[4] (Mo. 1973); *State v. Broomfield,* 510 S.W.2d 843[1] (Mo.App.1974). Accordingly, we have carefully reviewed the trial record and considered the arguments asserted in defendant's brief and we are convinced that the lack of an instruction on the lesser included offense did not result in manifest injustice.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.