STATE of Missouri, Plaintiff-Respondent,

v.

Billy Lee GASH, Defendant-Appellant.

No. KCD 29735.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

David M. Doak, Asst. Public Defender, Columbia, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals his conviction of assault with the intent to do great bodily harm without malice.

The sufficiency of the evidence to sustain the conviction is not questioned. The defendant and one Mittlestadt had roomed together for some period of time. There was a disagreement concerning payment of rent and conduct of the defendant, and the defendant moved out of the apartment. He returned to the apartment at a later date, an altercation ensued, and defendant left, returning at 4 o'clock in the morning, breaking open a barricaded door and striking Mittlestadt with a hammer.

The defendant challenges the denial of a motion for mistrial for an incident during voir dire examination of the jury and two other instances of a denial by the trial court of a motion for mistrial, one relating to an evidentiary matter and the other to the use of exhibits in the State's argument.

The jury voir dire incident occurred as follows: The prosecutor asked the venire if any of them knew the defendant. One of the female jurors indicated that the defendant looked familiar and said, "I have a question and I am Mrs. Neunuebel, has the defendant been to Boonville?" Immediately after this response was made, the prosecutor discontinued his questioning and moved to strike the juror. Without comment, the trial court excused her, and she left the courtroom. The defendant, after the court had excused the juror, moved for a mistrial. All of this transpired out of the hearing of the jury but within the courtroom. It appears from the colloquy of counsel and the court that the juror was employed at the state training center in Boonville and that the defendant had at one time been an inmate in the training center.

From the circumstances, it is apparent that the juror had no opportunity to communicate to any other member of the jury any knowledge of the defendant by reason of her employment at the Boonville facility, nor does the record indicate that the jury was even aware that the particular juror who was excused was an employee of the training center.

The trial judge is vested with a broad discretion in controlling voir dire examination, and his rulings should not be disturbed unless they clearly and manifestly indicate an abuse of his discretion. *State v. Yowell,* 513 S.W.2d 397 (Mo. banc 1974). In the instant case, the discretion to be exercised by the trial court was to evaluate the effect upon the other veniremen of the comment by Ms. Neunuebel. In *State v. Murphy,* 533 S.W.2d 716 (Mo.App.1976), a similar situation was presented. A venireman indicated that he had seen the defendant "around" and would rather not serve, indicating he could not give the defendant a fair and impartial trial. The defendant's motion for a mistrial was denied, and the defendant argued that the venireman's comments affected the other veniremen adversely. In that case, the court said:

> "The trial court is in a much better position than this court to evaluate the effect upon others of a venireman's voir dire comments, and the handling of the matter must be entrusted largely to its discretion. On the record before us, it has not been demonstrated that the trial court abused its discretion in refusing to grant a mistrial . . ." *State v. Murphy, supra* at 718.

That comment is controlling in this case since there is nothing in this record to indicate that the trial court did not properly evaluate the situation, and there is no showing of prejudice to the defendant.

The second request for a mistrial arose out of the direct testimony of Mittlestadt when he, somewhat unresponsively, referred to the defendant fighting with another roommate on a different occasion. Defense counsel promptly objected, moved to strike the testimony, moved the court to instruct the jury to disregard the answer, and asked for a mistrial. The court sustained the objection, instructed the jury concerning disregard of the unresponsive answer, and denied the mistrial. This claim is also to be determined under the general rule that the granting of a mistrial is a drastic remedy to be exercised only in extraordinary circumstances, and only where the error is so grievous that the prejudice cannot be removed except by sustaining the motion. *State v. Nolan,* 423 S.W.2d 815 (Mo.1968). This court's function is to determine whether as a matter of law a trial court abused its discretion in refusing the mistrial. *State v. Nolan, supra.* There is nothing in this record to suggest that the reference to a fight with another person had such a prejudicial effect that the court's prompt direction to disregard was not sufficient to counteract it.

The third instance of a request for a mistrial is almost frivolous. In the course of the prosecuting attorney's argument, the hammer and photographs of the victim showing his injuries were placed on the rail of the jury box. In chambers, prior to the argument, the court ruled that since the hammer and photographs were admitted as evidence, they could be utilized by the prosecutor in his argument. At the conclusion of his argument, the prosecutor apparently walked away from the jury box leaving the exhibits on the rail. The defendant objected and requested a mistrial. The court directed the prosecutor to remove the hammer from the rail. The prosecutor did so, and the defendant objected to the manner in which the hammer was standing on the counsel table where the prosecutor had placed it, and he again moved for a mistrial. The court commented that the exhibits were in evidence, and the hammer would be visible to the jury no matter where it was placed on the counsel table. It is clear under the law of this state that demonstrating properly admitted exhibits before the jury does not constitute error. *State v. Murray,* 280 S.W.2d 809 (Mo.1955); *State v. Miller,* 542 S.W.2d 322 (Mo.App.1976). Cases involving the exhibiting to the jury

of objects or evidence which have not been admitted or have been improperly admitted have no bearing on the issue in this case. There is no indication that the exhibits were used in an inflammatory manner. The hammer used in the assault was simply being demonstrated to the jury by the prosecutor for the purpose of showing the necessary intent to do great bodily harm by commenting upon the nature of the weapon used in the attack.

Judgment and convicted affirmed.

All concur.