STATE of Missouri, Respondent,

v.

Larry E. WILSON, Appellant.

No. WD 30976.

Missouri Court of Appeals,
Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 4, 1981.

Application to Transfer Denied
June 8, 1981.

Clifford A. Cohen, Public Defender, Kansas City, Gary L. Gardner and Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J. (Presiding), and PRITCHARD and SWOFFORD, JJ.

PER CURIAM.

This is a direct appeal from a jury conviction for the sale of a controlled substance in violation of § 195.020, R.S.Mo.Supp. (1975). Upon an express finding of the applicability of the persistent offender act, the court affixed punishment at 5 years in the Department of Corrections. The judgment is affirmed.

Appellant presents two points of error, which in summary allege the trial court

erred (1) in overruling his motion for acquittal because entrapment was an issue and the evidence was insufficient to show that appellant was predisposed to sell a controlled substance and (2) in overruling his (appellant's) motion to quash the jury panel following a juror's comment because this comment inferred that appellant had engaged in prior criminal conduct, such ruling being an abuse of discretion by the court.

On May 2, 1978, an undercover narcotics officer and an informant met appellant outside a local tavern. This meeting had been previously arranged by the informant. The officer and the informant were in an unmarked vehicle. Appellant entered the vehicle and agreed to sell the officer five tablets of dilaudid for $100.00. After an agreement was reached, appellant directed the officer to drive to another location. While en route, appellant gave the officer a valium tablet and the officer put the tablet in his pocket. After arriving at a second location, appellant parked the vehicle on the shoulder of the road. After the officer gave appellant $100.00, appellant left the vehicle and in approximately 10 minutes, returned and handed the officer a plastic bag containing five yellow tablets. The officer and informant then drove appellant to his home.

The state's witnesses included the officer, a criminologist who identified the pills as dilaudid or hydromophone, a derivative of morphine and a Schedule II controlled substance. Appellant did not testify, but offered the transcript testimony of the informant from a previous trial. The transcript testimony was offered to support a claimed defense of entrapment.

The jury returned a guilty verdict. After the trial court overruled a timely motion for new trial and sentencing, this appeal followed.

■ In support of his first point of error, appellant argues that since entrapment was an issue, the evidence was insufficient to establish that he was predisposed to commit the offense. In cases of entrapment, Missouri recognizes the "origin of intent" test in determining the entrapment issues, see *State v. Decker*, 321 Mo. 1163, 14 S.W.2d 617 (1929). This test is subjective, see *State v. Keating*, 551 S.W.2d 589 (Mo. banc 1977), and therefore focuses on the accused's predisposition to commit the offense. If there is substantial evidence of entrapment, the prosecution assumes the burden to prove the absence thereof or the predisposition to commit the offense, which must also be proven by substantial evidence, see *State v. Weinzerl*, 495 S.W.2d 137 (Mo.App.1973).

■ In disposing of appellant's first point, this court must determine whether the criminal intent to sell the tablets was supplied by the officer, *State v. Admire*, 495 S.W.2d 132 (Mo.App.1973). The record indicates that appellant had never before sold or attempted to sell drugs to the officer. The officer contacted the informant and in exchange for potential leniency on charges against the informant, the informant agreed and arranged the meeting between the officer and appellant. The informant called appellant several times and initiated the discussion of a drug sale. The intent and purpose of these calls was to consummate a drug sale between appellant and the officer. In talking with the informant, appellant agreed to find some drugs for purchase. The informant told the officer that appellant had some dilaudid for sale, but that appellant "would not want to venture out for ... less than five pills, which would have been $100.00."

At the meeting, appellant asked the officer if he wanted to buy, and then directed the officer and the informant to the location of the sale. En route to the sale location, appellant gave the officer one valium tablet. Once, at the sale location, the officer gave appellant $100.00. Appellant left the vehicle, returned shortly and gave 5 dilaudid tablets to the officer. Appellant was then driven to his home and upon exiting the vehicle the last time, appellant told the informant to give the officer appellant's telephone number for use in future drug purchases.

For entrapment to occur, two factors must be presented. There must be solicitation and a showing of reluctance or unreadiness of the accused to accept the solicitation. Mere solicitation by a law enforcement agent will not raise the issue of entrapment, see *State v. Disandro*, 574 S.W.2d 934 (Mo.App.1978), and that these two factors must occur, see *Weinzerl, supra,* and *State v. Devine*, 554 S.W.2d 442 (Mo. App.1977).

While appellant argues that the evidence was not sufficient to establish his predisposition to commit the offense, the evidence, in fact, indicates there was only a possible inference that appellant was reluctant to sell the drugs. There is no *substantial evidence* of appellant's reluctance. The record reveals that the informant initially approached appellant. Several phone calls between the informant and appellant occurred, but it is unclear whether the calls were made to convince appellant to sell. Other than his unwillingness to sell anything worth less than $100.00, the record contains no evidence of any reluctance exhibited by appellant.

The state herein met its burden of proof by substantial evidence, even if the issue of entrapment was a viable issue in the case. Appellant agreed to make the sale to the officer. En route to the sale location, appellant gave another drug (valium) to the officer. On the issue of predisposition, unlawful involvement with a controlled substance can be given consideration, see *State v. Hyde*, 532 S.W.2d 212 (Mo.App.1975); *State v. Prock*, 577 S.W.2d 663 (Mo.App. 1979) and *State v. Van Regenmorter*, 465 S.W.2d 613 (Mo.1971).

After the sale, appellant instructed the informant to give his (appellant's) telephone number to the officer for possible future drug sales. The evidence regarding appellant's reluctance to "venture out" for nothing less than $100.00 shows both a reluctance (in that appellant would take the time and risk involved for a minimum amount) and a predisposition to commit the offense for the amount of money was sufficient.

The issue of entrapment was tendered to the jury by the court's instruction No. 6. There was no substantial evidence to support a finding of a lack of predisposition to commit the offense by appellant. Such substantial evidence means such evidence from which the triers of fact could reasonably find the issues in harmony therewith, see *State v. Taylor*, 445 S.W.2d 282 (Mo.1969). If entrapment is considered as a viable issue herein, the state has met its burden in producing substantial evidence to show the absence of entrapment under *Weinzerl, supra.*

The evidence was substantial that through the informant, appellant was predisposed to complete an illegal drug sale to the officer herein or someone else, provided the sale was not for less than $100.00. Conversely, the evidence was not substantial to establish appellant's reluctance and hence his lack of predisposition to commit the offense.

This court finds that the evidence herein was *not* substantial to show reluctance or lack of predisposition to commit the offense, and contrary thereto, the evidence *was* substantial to overcome any suggestions of entrapment. Hence, point (1) is found to be without merit and is ruled against appellant.

Under his final point, appellant argues that the trial court abused its discretion, and thus committed error in refusing to quash the jury panel following a comment by one juror during voir dire. This particular juror was not one of the 12 jurors who heard this cause. It is not clear whether this juror was struck for cause or was removed by peremptory challenge. The form of the strike is not in issue on this appeal.

During voir dire, the panel members were asked if they had ever known appellant, and venireman V _____ responded, "Yes. I believe I have met the defendant before, but I am not sure. I used to work out at Municipal Corrections."

Following this statement, appellant's counsel moved to quash the jury panel. The trial court, in overruling appellant's

motion, declared that venireman V _____ "could have seen him under various circumstances. He could have delivered a load of products, or many, many things, besides being an incarcerated, ordinance violator." Appellant argues that the remark by venireman V _____ inferred that he (appellant) had been involved in prior criminal activity. The statement does not contain any reference to what circumstances V _____ saw appellant, nor does it contain any reference that appellant was observed as a result of being incarcerated. As was pointed out by the trial judge, the remark could have observed appellant under a wide variety of circumstances, none of which would have been the result of any criminal conduct by appellant.

The determination of whether remarks made by veniremen or others during the examination of the panel are prejudicial is within the discretion of the trial court. The trial court is in a superior position to evaluate the effects of any such remarks, and a decision to refuse to quash a panel will not be disturbed unless there is a showing of an abuse of the trial court's discretion, see *State v. Taylor*, 324 S.W.2d 643 (Mo.1959); *State v. Turner*, 462 S.W.2d 723 (Mo.1971); and *State v. Yowell*, 513 S.W.2d 397 (Mo. *banc* 1974).

Disqualification of an individual juror for bias and prejudice by expression of an opinion is not sufficient grounds to challenge an entire panel. *State v. Weidlich*, 269 S.W.2d 69 (Mo.1954) and *State v. Smith*, 586 S.W.2d 399 (Mo.App.1979). The following decisions are examples where juror comments and statements were held not to suffice as grounds for the discharge of the entire panel:

(1) "* * * has the defendant been to Bonnville?" *State v. Gash*, 572 S.W.2d 240, 241 (Mo.App.1978);

(2) "* * * I was in jail a little over two months with a Frank Cooper, and I think it's the same one." *State v. Cooper*, 541 S.W.2d 40, 44(4) (Mo.App. 1976);

(3) "* * * I have seen this young man around, so I'd rather not serve." *State v. Murphy*, 533 S.W.2d 716, 717–718(3) (Mo.App.1976);

(4) "* * * I don't think I can give a thief a fair trial." *State v. Weidlich*, 269 S.W.2d 69, 71(4) (Mo.1954).

In the instant case, the trial judge observed the remark made by the venireman. Because of the inherent nature of that statement and the surrounding circumstances, the trial court correctly concluded the appellant could have been observed in many circumstances other than the suggested prior criminal behavior. It cannot be said that under the particular facts and circumstances of the instant case, the remarks by the venireman prejudiced the entire panel. It was not an abuse of the trial court's discretion to have overruled appellant's motion to quash. For the foregoing reasons, appellant's point (2) is found to be without merit and is ruled against him.

The judgment is in all respects affirmed.