STATE of Missouri, Respondent,

v.

Clarence WILLIAMS, Appellant.

No. 42521.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 22, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

Kenneth R. Singer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions by a jury of stealing from the person without consent, rape, sodomy, and kidnapping and the resultant consecutive sentences of 7, 15, 7, and 15 years respectively. We affirm.

No challenge is made of the sufficiency of the evidence to support the convictions so only a brief statement of facts is necessary. The victim was grabbed from a street in the Laclede Landing area of St. Louis as she was walking to her automobile at night. She was thrown into the back seat of an automobile occupied by three men. Her head was covered and she was struck in the face by at least one of the men. She was driven to a flat on Martin Luther King Drive in St. Louis where she was taken into a bedroom and raped twice by each of the men. She also was required to perform an act of fellatio on one of them. A bank card which operates a computerized teller was taken from her. She was returned to downtown St. Louis where she took refuge

in her office and from where she immediately called her boyfriend and the police. Examination at the emergency room of City Hospital established the presence of sperm and blood in the vagina and abrasions on the face. She identified defendant as one of her assailants. Defendant denied participation in the kidnapping, stealing, and sodomy and admitted having sexual intercourse with the victim but testified that it occurred with her consent.

■ Defendant first premises error upon the failure of the trial court to conduct an individual voir dire of the venire rather than conducting the examination before the entire panel. Defendant based his request for such examination upon extensive media coverage of the subject of rape during the two-month period prior to trial, and the possibility that answers given during voir dire by individual veniremen regarding the subject of rape might contaminate the entire panel. Control of voir dire examination is within the broad discretion of the trial court and only upon a clear abuse of that discretion will its rulings be disturbed. *State v. Yowell*, 513 S.W.2d 397 (Mo banc 1974) [4–6]. We find no such abuse here. The focus of the media coverage, as delineated in the motion of defendant, was the frequency and heinous nature of the crime of rape. We cannot conclude that jury awareness of the frequency of the crime of rape or an abhorrence of that crime is prejudicial to a specific defendant charged with a specific rape not asserted to have been the subject matter of the media coverage complained of. One of the purposes of voir dire examination is to ensure that jurors selected will base their decision upon the evidence before them and not upon their general attitudes regarding the seriousness of the charged crime. That a venireman has strong feelings of repugnance about criminal conduct which he may express on voir dire does not disqualify him as a juror nor render those who hear, and possibly share his feelings, ineligible for service. The trial court did not err in denying defendant's request for individual voir dire.

■ Defendant also complains of the trial court's failure to quash the venire panel following answers made by two venirewomen who were, as a result of their answers, stricken for cause. One woman's answers reflected at most her inability to be fair because of her repugnance of the crime of rape and what she had read about that crime in general. The other woman indicated that she had a preconceived idea regarding defendant's guilt based upon having read about the specific crime charged against defendant at the time of its occurrence nine months before. Both before and after these answers, the trial court emphasized to the venire that their decision as jurors must be based upon the evidence and law and that they must disregard anything they had heard or read elsewhere.

"Normally, the disqualification of an individual juror for the expression of an opinion, or for making remarks indicating bias, is not a sufficient ground for the challenge of the entire panel." *State v. Weidlich*, 269 S.W.2d 69 (Mo.1954) [3–5]. *See also, State v. Taylor*, 324 S.W.2d 643 (Mo.1959) [9–11]; *State v. Turner*, 462 S.W.2d 723 (Mo.App.1971) [1]; *State v. Browner*, 587 S.W.2d 948 (Mo.App.1979) [1, 2].

We cannot conclude that the statements of the venirewomen here were so inflammatory and prejudicial that the trial court abused its discretion in refusing to quash the entire panel, particularly in view of its handling of the matter. *See, State v. Weidlich, supra; State v. Taylor, supra*, [8]; *State v. Murphy*, 533 S.W.2d 716 (Mo.App. 1976) [1, 2]; *State v. Gash*, 572 S.W.2d 240 (Mo.App.1978) [1, 2].

Defendant raises as plain error a portion of the closing argument of the State:

"Here is some guy who thinks he's doing a girl a favor. Services them. Stud. I don't know what. There is no remorse. That's a sex animal. That's all that is. Every woman on the street, any woman on the street is not safe if that man is walking, and I'm telling you, these are the kind of people that have to be eliminated. They have to be taken off the street."

**120**

No objection was made at trial to this argument, although objection was made in the motion for new trial. The point was not, therefore, preserved for review. *State v. Hatten*, 561 S.W.2d 706 (Mo. App.1978) [10]; *State v. Heinz*, 607 S.W.2d 873 (Mo.App.1980) [15–18]. Under plain error, we can grant relief if we determine the remarks had a decisive effect on the jury (*State v. Davis*, 566 S.W.2d 437 (Mo. banc 1978) [2–4]) and were so glaringly offensive and prejudicial that the court should have intervened and stopped them even without objection (*State v. Goodwin*, 352 S.W.2d 614 (Mo. banc 1962) [7, 8]). We find neither. The "sex animal" reference does not appear to be directed personally to the defendant but rather to the perpetrator of the offense. Given the facts of the attack, we cannot consider it inaccurate and, even if directed to defendant personally, not glaringly offensive and prejudicial. The last two sentences of the argument are at worst on the line between a legitimate call for law enforcement and an improper speculation as to future possible acts or conduct of the defendant.[1] Those sentences do not, as defendant contends, constitute an inflammatory attempt to create a personal fear in the jurors. *See*, for example, *State v. Groves*, 295 S.W.2d 169 (Mo.1956) [9, 10]. We do not find this portion of the argument so glaringly offensive and prejudicial as to require the court *sua sponte* to intervene to stop it.

Defendant's final claim of error relates solely to the conviction for stealing from the person without consent. Specifically, it attacks the verdict-directing instruction on that count which required the jury to find that defendant or one of his compatriots appropriated from the victim "credit cards and fifty cents, U. S. Currency." There was evidence that a credit card was stolen from the victim; there was no evidence that any money was taken. Defendant contends that the conjunctive submission of an

act supported by evidence with an act not so supported is erroneous and requires reversal.

As a starting point, it may be conceded that any fact submitted for finding by the jury must have evidentiary support. In the absence of such support, the instruction is erroneous. *State v. Scott*, 230 S.W.2d 764 (Mo.1950) [6, 7]; *State v. Dayton*, 535 S.W.2d 469 (Mo.App.1976) [22]. However, the departure or variance between proof and instruction must be prejudicial to defendant to warrant reversal. *State v. Carter*, 559 S.W.2d 572 (Mo.App. 1977) [3, 4]. A series of cases have held submissions such as this not to be prejudicial. *State v. Anglin*, 222 S.W. 776 (1920) [1–4]; *State v. Miles*, 282 S.W.2d 542 (Mo. 1955) [1–3]; *State v. Cusumano*, 372 S.W.2d 860 (Mo.1963) [2–3]; *State v. Stucker*, 518 S.W.2d 219 (Mo.App.1974) [2]; *State v. Wilson*, 554 S.W.2d 511 (Mo.App.1977) [10, 11].

Here the unsupported submission was unnecessary to a finding of defendant's guilt. If he or his compatriots stole anything from the defendant, he was guilty; the nature or identity of the item or items stolen was not an essential fact.[2] The jury verdict establishes that it found both items were stolen and there was evidence to support one part of that finding.

Defendant turns to the MAI Civil instructions to urge that the prohibitions therein found against conjunctive submissions should apply to criminal proceedings. We do not find the rules involving civil cases pertinent to this case. Those rules prohibit the submission of dual or multiple theories of recovery in the conjunctive and provide that an instruction submitting a theory, conjunctively or disjunctively, which is not supported by evidence is reversible error. MAI 1.02 and Committee Comments. *See, Knepper v. Bollinger*, 421 S.W.2d 796 (Mo.App.1967) [5, 6]; *Woods v. Gould*, 515

---

1. As with the "sex animal," reference the argument does not appear to be directed at the future conduct of the defendant personally but at the potential danger from a person who would commit this type of offense.

2. The matter was submitted as a felony pursuant to 570.030, subd. 2(2) rather than 570.030, subd. 2(3)(c). RSMo 1978.

S.W.2d 592 (Mo.App.1968) [6, 7]. We note that the submission in this case did not deal with a theory of recovery but with evidentiary facts. Civil instructions are not to contain evidentiary facts. A proper submission under civil procedure here would have simply hypothesized that defendant or his compatriots appropriated "property" of the victim. The more stringent requirements of the criminal law may warrant a more detailed submission of facts than is required in civil cases. In any event, the differences in procedure mandated by substantive law in civil and criminal cases make instructional analogies from one to the other suspect at best and we do not find that principles of civil cases apply here.[3] We find no prejudicial error to defendant in the verdict-directing instruction on stealing from the person without consent.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

**3.** We also believe there are notable differences between (1) conjunctive submission of facts each of which must form a link to finding a necessary additional fact and (2) conjunctive submission of facts which are essentially the end of the chain. The submission here fits the latter category. We need not discuss that matter however.