**STATE of Missouri, Respondent,**

v.

**Deville COOPER, Appellant.**

**WD 37381.**

Missouri Court of Appeals,
Western District.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 25, 1986.

Application to Transfer Denied
Nov. 18, 1986.

Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

CLARK, Chief Judge.

Deville Cooper was convicted of second degree burglary of a drive-in restaurant. On this appeal he contends a mistrial should have been granted by reason of an exchange occurring during voir dire of the jury panel. He also asserts error in re-

strictions imposed on the closing jury argument. Affirmed.

The evidence in the case was essentially undisputed. When police responded to an alarm at the restaurant, they observed two men run from the building. A short time later, Cooper was found hiding on a second story porch two blocks away. He was sweating, breathing heavily and was wearing clothing which matched that seen on one of the fleeing suspects. The time was approximately 3:30 a.m. On questioning, Cooper admitted being in the restaurant but he denied that he had taken anything. Inspection of the premises showed entry had been gained by removing a side window. Coin machines and the cash register had been looted.

■ The first point of alleged error involves questions put to venireman Sargent who stated he was a former member of the Raytown police force. In response to a question as to whether any member of the panel knew the defendant, Sargent said that he did through his employment. Cooper's attorney then moved for a mistrial on the ground that Sargent's response implied his acquaintance with Cooper grew out of some criminal activity which Sargent had investigated as a policeman. Denial of the motion constitutes the basis for the first point of error.

This same issue was raised and considered in *State v. Wilson*, 615 S.W.2d 571 (Mo.App.1981) and was ruled against the appellant. In that case, the venireman was a former employee in a municipal corrections facility. He stated, as did Sargent, that he believed he had met the defendant. The court held that such a non-specific comment did not necessarily imply prior criminal conduct by the accused but could equally well be interpreted as suggesting contact between the defendant and the jury panel member in a variety of circumstances unassociated with any criminal activity.

The rationale of *Wilson* applies even more persuasively in this case where the venireman was a police officer who has numerous opportunities to meet the public. In addition to the work of a policeman in apprehending criminals, the officer has many non-criminal duties including investigating automobile accidents and aiding persons in distress. In the absence of a more specific description of the circumstances under which the venireman met Cooper, an equally valid inference may be drawn that the meeting was the product of non-criminal activity routinely encountered in the line of duty of all police officers.

■ The trial judge is in the best position to determine the effect on the jury panel of exchanges during voir dire. He therefore has considerable discretion over the process and an appellate court will not interfere unless the record shows a manifest abuse of discretion and a real probability of injury to the complaining party. *State v. Scott*, 515 S.W.2d 524, 527 (Mo. 1974). There was no showing here of any real probability that the conviction of Cooper was influenced at all by the conduct of voir dire nor does it appear that the trial court abused its discretion in denying the motion to discharge the jury panel.

■ Appellant also points out in his brief that in fact venireman Sargent did know Cooper as a suspect in a criminal inquiry, but that information was unknown to the remainder of the jury panel and therefore could not have influenced their interpretation of Sargent's response indicating his acquaintanceship with Cooper. Appellant also takes issue with the trial court's admonition to the jury panel that it draw no adverse inference from Sargent's statement. The claim provides no ground for relief, first because the admonition was to Cooper's benefit and, second because the claim of error was not preserved by any objection at trial.

■ In his second point, appellant complains of the ruling by the trial court which prevented him from arguing to the jury that no fingerprints were found inside the burglarized building. Apparently, the line of argument would have been, if permitted, that the absence of fingerprints suggested Cooper did not enter the restaurant.

The state's evidence in this case did not include any reference to fingerprints. Whether any were obtained and if so, whether a match was made to any prints on file is unknown. The only testimony about fingerprints at all came in the cross-examination of the restaurant owner who said he observed the police dusting for prints. Appellant says he should have been allowed to argue that because no fingerprints of his were introduced in evidence, the jury could draw an inference favoring acquittal. The trial court ruled, however, that such argument would not be permitted.

 In *State v. Crespo*, 664 S.W.2d 548, 553 (Mo.App.1983), the court repeats the long standing rule appearing in *State v. Holmes*, 389 S.W.2d 30, 34 (Mo.1965), *aff'd* 428 S.W.2d 571, 572 (1968), that it is not incumbent on the state to take defendant's fingerprints from the articles he touched or, if taken, to produce them in evidence. The state is not bound to gather and present all physical evidence conceivably germane to its case in chief and therefore it need not account for a failure to gather or present certain evidence. *State v. Simpson*, 611 S.W.2d 556, 560 (Mo.App. 1981). The argument seeking to draw an unfavorable inference from the absence of fingerprint evidence is therefore properly excluded. *State v. Terry*, 472 S.W.2d 426, 430 (Mo. banc 1971).

Appellant cites and relies on *State v. Hall*, 687 S.W.2d 924 (Mo.App.1985) in which the court said the defendant should have been allowed to introduce evidence showing that the state did not conduct fingerprint tests on cellophane bags alleged to have contained marijuana and drug paraphernalia or, if such tests were made, the defendant's prints were not found. No authority is cited for the proposition which is contrary to the law as set out in *State v. Holmes, supra,* and the line of cases which follow. On closer reading, however, it is apparent that *Hall* does not support appellant's argument and is distinguishable.

In *Hall*, the trial court entered a pre-trial order which prohibited references to fingerprinting and scientific tests which could have been made but were not. Despite this ruling, however, the opinion observes that the state's witness was cross-examined about these matters, evidently without hindrance. On this account, the opinion holds that the defendant suffered no prejudice. The comments earlier noted indicating that evidence about the absence of fingerprint evidence is relevant and admissible on defendant's behalf to impugn the state's case is dicta and therefore not precedent on the point.

 A further basis exists for denying appellant's second point. The charge in this case of burglary does not include as a necessary element of the crime that the accused have taken possession of any goods within the premises and therefore fingerprints would serve only to prove that the defendant was at the scene of the crime. Here, the defendant had already admitted as much in his statement to the police. If there were a basis to admit evidence by the defense in *State v. Hall, supra,* concerning the absence of fingerprints or the failure of the police to test for prints, it is in the fact that the charge there was possession of a controlled substance. In a burglary case, the absence of fingerprint evidence is not a subject for defense evidence or argument. *State v. Boyd*, 688 S.W.2d 791, 794 (Mo.App.1985).

The judgment is affirmed.

All concur.