Argued September 25, reversed and remanded
for dismissal of the charge March 5, 1979

## CITY OF PORTLAND, *Respondent,*
### *v.*
## MARIL LEE ELSTON, *Appellant.*
## (No. DA 143154, CA 11260)

591 P2d 406

John W. Savage, Portland, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant appeals after his conviction for violating Portland City Code § 14.32.100.[1] The complaint alleged:

> "The said defendant, on or about January 2, 1978, within the corporate limits of the said City of Portland, Oregon, did unlawfully and knowingly carry a dangerous weapon, to-wit: A knife other than an ordinary pocketknife, with a blade not longer than three and one-half (3-1/2) inches, in a concealed manner ***."

■ The prosecution moved to dismiss the appeal on the ground that this court does not have jurisdiction in a direct appeal from a conviction for a municipal ordinance violation tried in Multnomah County District Court. The same contention was made and rejected in the *City of Portland v. Poindexter*, 38 Or App 551, 590 P2d 781 (1979). Under the principles in that case, jurisdiction lies in this appeal.

■ Defendant demurred to the charge on the ground that the words "any type of knife other than an ordinary pocketknife with a blade not longer than three and one-half inches" are unconstitutionally vague. The same contention was made with respect to similar language in ORS 166.240(1)[2] in *State v. Pruett*,

---

[1] The ordinance provides:

"(a) It is unlawful for any person, not authorized by law, to carry any dangerous or deadly weapon in a concealed manner.

"(b) As used in this chapter, 'dangerous or deadly weapon' includes a firearm, metal knuckles, straight razor, weapon of the type not commonly known as a nunchaku, blackjack, sap or sap glove, and any type of knife other than an ordinary pocketknife with a blade not longer than three and one-half inches. When carried with intent to use the same unlawfully against another, 'dangerous or deadly weapon' also includes any instrument or device capable of inflicting injury to the person or property of another."

[2] ORS 166.240(1):

"*** [A]ny person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, any knife, other than an ordinary pocketknife, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished ***."

37 Or App 183, 586 P2d 800 (1978). The majority there found it unnecessary to reach the constitutional issue because it was able to conclude that the knife in issue there was *in fact* an ordinary pocketknife.[3] In this instance we are presented with a pure legal issue. For the reasons stated in the specially concurring opinion in *Pruett*, 37 Or App at 186, we hold the ordinance to be unconstitutionally vague in the particulars asserted by the defendant.

Reversed and remanded for dismissal of the charge.

---

[3] Because of procedural peculiarities in *Pruett* the knife itself was in evidence when the demurrer was ruled on in the trial court and constituted part of the record with respect to the demurrer.