Submitted April 6, reversed and
remanded for trial May 14, 1979

STATE OF OREGON, *Appellant,*
*v.*
GARTH MITCHELL HARRIS, *Respondent.*
(No. DA 151902, CA 13101)
594 P2d 1318

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for appellant.

E. Ted Meece, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

The state appeals from an order of the trial court sustaining defendant's demurrer to a charging instrument accusing defendant of violating ORS 166.240 by carrying a "knife other than an ordinary pocketknife" concealed about his person. We reverse.

This case appears to be governed by our holding in *City of Portland v. Elston*, 39 Or App 125, 591 P2d 406 (1979). A decent respect for the principle of *stare decisis* would normally compel us to the same result here. However, further reflection on *Elston* has led us to conclude that our holding in *Elston* should be modified.

*Elston* holds the phrase "other than an ordinary pocketknife" to be void for vagueness, adopting the reasoning of the specially concurring opinion in *State v. Pruett*, 37 Or App 183, 586 P2d 800 (1978).

There are two operative words: "ordinary" and "pocketknife." Each must be examined.

### Pocketknife

A "pocketknife" is "[a] knife with a blade folding into the handle to fit it for being carried in the pocket." *State v. Pruett, supra,* 37 Or App 189 n4 (citing *Webster's Third New International Dictionary* (1976)) (Joseph, J., specially concurring). Standing alone, we would have no difficulty accepting the word "pocketknife" as being sufficiently concrete to pass constitutional muster. As the state notes in its brief,

> "Everybody can recognize and immediately name a knife with a folding blade that fits in a pocket a 'pocketknife' and until a defendant arrives with a folding machete and a long pocket, the term in not likely to be a primary cause of concern."

### Ordinary

The focal problem is with the word "ordinary." The term is commonly used in the law, as the state points out. *See, e.g., Amphitheaters, Inc. v. Portland*

*Meadows,* 184 Or 336, 198 P2d 847 (1948) ("ordinary reasonable man"); *Maletis v. Portland Traction Co.,* 160 Or 30, 83 P2d 141 (1938) ("ordinary case"); *Sproul v. State Tax Commission,* 234 Or 567, 382 P2d 99 (1963) ("ordinary and necessary expenses"). However, none of those cases purports to construe criminal statutes. While the question is a close one, we agree with the view, expressed in *Elston,* that "ordinary" —as the word is used in ORS 166.240—is too vague.

■ Agreeing that "ordinary" is too vague is not, however, tantamount to agreeing that the *phrase* "ordinary pocketknife"is too vague.

■ When a statute is challenged on constitutional grounds, and when we find merit to the challenge, it is nonetheless our duty to uphold so much of the statute as will survive constitutional scrutiny if that can be done without doing violence to the basic purpose of the statute. ORS 174.040 specifically directs us to do so:

"It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

Under our ruling in *Elston,* the phrase, "any knife, other than an ordinary pocketknife," was read out of the statute. In effect, the statute now reads:

"(1) Except as provided in ORS 166.260, 166.290 and subsection (2) of this section, any person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted

[320]

upon the person or property of any other person, shall be punished upon conviction by a fine of not less than $10 nor more than $200, or by imprisonment in the county jail not less than five days nor more than 100 days, or both."

Unfortunately, this version would permit the concealed possession of *any* knife—something the legislature patently did not intend.

A more modest approach, however, most closely approximates the legislative purpose and saves the statute: if the word "ordinary" is ignored, the balance of ORS 166.240(1) reads:

"(1) Except as provided in ORS 166.260, 166.290 and subsection (2) of this section, any person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, any knife, other than [a] pocketknife, or any dirk, dagger, slung shot, metal knuckes, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished upon conviction by a fine of not less than $10 nor more than $200, or by imprisonment in the county jail not less than five days nor more than 100 days, or both."

By this construction, it is illegal to carry concealed *any knife except a pocketknife.* Under ORS 174.040 and the long tradition of statutory construction which it embodies, this last construction is not just permissible; it is required. Since *Elston* is inconsistent with this rule of construction, we conclude that it must be modified to the extent set out herein.

The order of the trial court is reversed, and the case is remanded for trial.

**SCHWAB, C. J.,** dissenting.

I agree with so much of the majority opinion as states:

"This case appears to be governed by our holding in *City of Portland v. Elston*, 39 Or App 125, 591 P2d 406 (1979). A decent respect for the principle of *stare*

*decisis* would normally compel us to the same result here * * *." 40 Or App at 319.

I disagree with the remainder and would therefore affirm the ruling of the trial court.