Argued July 19, affirmed in part; reversed in part
August 27, 1979

# STATE OF OREGON,
*Respondent,*

*v.*

# BYRON SAMUEL STRONG,
*Appellant.*

## (No. 7288, No. 7289, CA 13628)

598 P2d 1254

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

LEE, J.

## LEE, J.

Defendant appeals his convictions of carrying a concealed weapon, *see* ORS 166.240, and of being an ex-convict in possession of a firearm, *see* ORS 166.270, following a trial to the court. His only assignment of error is denial of his motion for acquittal on both charges.

Defendant, an ex-convict, surrendered a knife, which he had withdrawn from his pocket, to an officer under circumstances which are not challenged. The officer measured the blade and found it to be four and three-quarter inches in length. The officer said the knife had a thin blade and had an unusual shape but it folded the same as any other pocketknife. Defendant was not taken into custody at that time.

Some two weeks later, defendant was arrested on charges unrelated to the instant proceeding. The arresting officer was thereafter invited to the residence of defendant's half sister and brother-in-law. There, he found and removed a .22 caliber pistol from a dresser drawer. According to the testimony of defendant's brother-in-law, defendant had lived in the house for approximately two months immediately preceding his arrest and on several occasions defendant had asked his half sister to store the pistol for him.

■■ Defendant's first assignment contends that the knife that was taken from his possession was a pocketknife within the meaning of ORS 166.240(1)[1] and therefore it was error to refuse his motion for acquittal. We agree. The only feature of the knife which appears to have been the basis for its seizure and the conviction which followed was the length of

---

[1] ORS 166.240(1) states in pertinent part:

"* * * any person who carries concealed about his person in any manner, * * * any knife, other than an ordinary pocketknife * * * shall be punished * * *."

In *City of Portland v. Elston*, 39 Or App 125, 591 P2d 406 (1979), we held that the word "ordinary" is void for vagueness.

[667]

the blade. In deciding that the knife was a concealed weapon, the court relied on the definition of a dangerous weapon as detailed in ORS 166.220(3).[2] However, the defendant was not charged with violating ORS 166.220, and the definition contained in ORS 166.220(3), by its very terms, is only applicable to charges brought under ORS 166.220. In *State v. Harris*, 40 Or App 317, 594 P2d 1318 (1979), we held that under ORS 166.240, it is illegal to carry concealed any knife except a pocketknife. We defined a "pocketknife" as a "knife with a blade folding into the handle to fit it for being carried in the pocket." *State v. Harris, supra,* at 319. The knife that was taken from defendant falls within that definition. Therefore, defendant's motion for acquittal should have been granted as to the concealed weapon charge.

Defendant also argues that there was insufficient evidence to allow a finding of guilt beyond a reasonable doubt on the charge of possession of a firearm. However, defendant's motion for acquittal on the firearm charge was properly denied where, in addition to the other facts set out above, he jointly occupied premises in which the pistol was found. *State v. Nehl*, 19 Or App 590, 592-93, 528 P2d 555 (1974).

Affirmed in part and reversed in part.

---

[2] ORS 166.220(3) states:

"For the purpose of subsection (1) of this section, any knife with a blade longer than three and one-half inches when carried concealed upon the person, is a dangerous weapon."