Argued and submitted June 29, reversed in part; affirmed in part November 9, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL LLOYD RAMER,
*Appellant.*

## (M 51602; CA A25366)

671 P2d 723

Gerritt J. VanKommer, Hillsboro, argued the cause for appellant. With him on the brief was Brent K. Caldwell, Hillsboro.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ Defendant was convicted of carrying a concealed weapon, ORS 166.240 (Count I), and possessing a stabbing weapon, ORS 166.510 (Count II). Although not introduced into evidence, the weapon giving rise to the charges was described at trial as a switchblade. Because ORS 166.240 does not proscribe carrying a concealed switchblade, we must reverse the conviction on Count I. However, we affirm the conviction of the more serious charge on Count II.

ORS 166.240(1) provides, in pertinent part:

"* * * [A]ny person who carries concealed about his person in any manner, * * * *any knife, other than an ordinary pocket knife,* * * * shall be punished upon conviction * * *." (Emphasis supplied.)

The emphasized language has been challenged in the past as unconstitutional, resulting in our adoption of a construction which simply ignores the troublesome word "ordinary." *State v. Harris,* 40 Or App 317, 320-21, 594 P2d 1318 (1979). Thus, ORS 166.240(1), as construed in *Harris,* now makes it illegal to carry concealed, *"any knife except a pocket knife." State v. Harris, supra,* 40 Or App at 321. (Emphasis in original.)

Defendant points out that *Webster's Third New International Dictionary* (1976), defines a switchblade as "a pocket knife having the blade spring operated so that pressure on a release catch causes it to fly open." Because a switchblade is a type of pocket knife and it is not illegal under ORS 166.240 to carry a concealed pocket knife, we hold that it cannot be illegal under that statute to carry a concealed switchblade. Defendant's conviction of carrying a concealed weapon is therefore reversed.

■ The offense of possessing a stabbing weapon, ORS 166.510,[1] which has stricter sanctions[2] and only requires proof

---

[1] ORS 166.510 provides:

"* * * [A]ny person who manufactures, causes to be manufactured, sells, keeps for sale, offers, gives, loans, carries or possesses an instrument or weapon having a blade which projects or swings into position by force of a spring or other device and commonly known as a switchblade knife * * * commits a Class A misdemeanor."

[2] Possession of a stabbing instrument, ORS 166.510, is a Class A misdemeanor, punishable by a maximum fine of $2,500 and/or up to one year's imprisonment,

of mere possession rather than concealment, specifically applies to switchblade knives. It provides an adequate alternative to ORS 166.240 for dealing with those weapons.

As an "alternative" to his appeal on Count I, defendant challenges his conviction of possessing a stabbing weapon. Because there was no specific assignment of error on this issue, we decline to reach its merits. However, we note that the effect of arguing in the alternative was to admit that a challenge to the conviction on Count II could only succeed if the appeal of Count I failed. That appeal did not fail, and we affirm defendant's conviction of possessing a stabbing weapon under ORS 166.510.

Conviction of carrying a concealed weapon reversed; conviction of possessing a stabbing weapon affirmed.

whereas carrying a concealed weapon, ORS 166.240, has the hybrid status of an unclassified misdemeanor, punishable by a maximum fine of $200 and/or up to 100 days in jail.