Argued and submitted October 22, 1985, vacated and remanded in part; otherwise affirmed April 23, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## DAMON LLOYD WITHERBEE,
*Appellant.*

(10-84-07042; CA A34797)

717 P2d 661

Helen I. Bloch, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for burglary in the first degree, ORS 164.225(1)(a), and for carrying a concealed weapon. ORS 166.240.

■ The burglary indictment charged that, while effecting unlawful entry to a building, defendant was using "a pry tool and a flashlight." He demurred to the indictment, contending that the pry tool and flashlight, as a matter of law, are not burglar tools as defined in ORS 164.235. He also moved for judgment of acquittal of burglary, because the state failed to prove that he was armed with burglar tools. The court properly overruled the demurrer, because the indictment at least charged burglary in the second degree. ORS 164.215. However, the state concedes, and we concur, that it failed to prove burglary in the first degree. Because the jury necessarily found that defendant was guilty of burglary in the second degree, we vacate the judgment and sentence on the burglary in the first degree charge and remand for entry of a judgment of conviction for burglary in the second degree and for resentencing.

■ Regarding the conviction for carrying a concealed weapon, defendant contends that his demurrer to that indictment should have been sustained. His demurrer was on the basis that the statute, ORS 166.240, is unconstitutionally vague and overbroad. We agree with the state's argument that the statute, as applied to the facts, is not unconstitutional. He was indicted and convicted for carrying "concealed about his person a 6" Survival Knife, not an ordinary pocketknife." The fact that the statute may be vague as applied to persons carrying other types of instruments does not aid defendant's challenge. *State v. Harris,* 40 Or App 317, 594 P2d 1318 (1979); *State v. Pruett,* 37 Or App 183, 586 P2d 800 (1978); *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971). The demurrer was properly overruled.

Judgment of conviction for burglary in the first degree vacated; remanded for entry of judgment of conviction for burglary in the second degree and for resentencing; otherwise affirmed.