504 So.2d 39 (1987)
STATE of Florida, Appellant,
v.
Manfredo ORTIZ, Appellee.
No. 86-1753.
District Court of Appeal of Florida, Second District.
March 13, 1987.
*40 Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee.
SCHEB, Acting Chief Judge.
The state appeals the trial court's dismissal of a count in its information charging the defendant, Manfredo Ortiz, with the possession of a concealed weapon by a convicted felon, a violation of section 790.23, Florida Statutes (1985). We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(A). We reverse.
The defendant filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), contending that the knife seized from him, which was the basis of the state's charge, was a closed Buck type folding knife with a four-inch blade. The state's traverse agreed with the defendant's description of the size of the knife and incorporated a photograph of it; however, the state alleged additional facts to support its position. At the hearing on the motion, the defendant argued that the knife in question was a common pocket-knife, and therefore, it fell within an exception to the definition of a "weapon" under section 790.001(13).
The trial court granted the defendant's motion, noting that the state's traverse was essentially a demurrer because "the additional facts alleged by the state would not be admissible into evidence." The effect of the court's ruling was to hold as a matter of law that the knife in question was a "common pocketknife" and, therefore, was excepted from the definition of a "weapon" as defined by section 790.001(13).
The state argues several theories; however, the trial court's ruling has prevented it from prosecution under any of them. Unfortunately, the trial court's order does not explain why the state's additional evidence would not be admissible, so we do not address that aspect. In passing, however, it would appear that the photograph of the knife, subject to usual rules of evidence, would be admissible.
The defendant, on the other hand, simply contends the issue before the trial court was whether the knife in question was a common pocketknife and that it was within the trial judge's discretion to decide it did not fall within the statutory definition of a weapon.
We think the trial court erred in dismissing the state's charge against the defendant. The legislature in creating an exception for a common pocketknife did not define what constitutes such a knife. Therefore, whether a knife is a "common pocketknife" ordinarily involves a factual determination which may not be made by a trial court in proceedings under rule 3.190(c)(4). See State v. Fry, 422 So.2d 78 (Fla. 2d DCA 1982).
Indeed, it is not clear whether the knife in question is a common pocketknife because when fully extended and locked the knife measures almost nine inches. If this knife had a fixed blade instead of a folding blade, it may well have been classified as a "dirk," under section 790.001(13). Thus, the trial court erred in concluding, as a matter of law, that this knife was a "common pocketknife."
Accordingly, we reverse the trial court's order of dismissal and remand for proceedings consistent with this opinion.
RYDER and HALL, JJ., concur.