STATE of Missouri, Respondent,

v.

Wallace N. WEIR, Jr., Appellant.

No. WD 39566.

Missouri Court of Appeals,
Western District.

June 14, 1988.

David C. McConnell, Kansas City, for appellant.

William E. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P.J., and
TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

William N. Weir, Jr. was found guilty by a jury of unlawful use of a weapon, Section 571.030.1(1), RSMo 1986. The court found Weir to be a persistent offender and sentenced him to imprisonment of six years. Weir contends that the information failed to negative an exception in the statute and that the evidence was insufficient to support the verdict. Affirmed.

In January of 1987, Weir was observed in a food store by an off-duty policeman, Steven Myers. Myers noticed Weir acting in a suspicious manner and eventually saw Weir leave the store with two bottles of liquor without paying. Myers confronted Weir in the parking lot, and a fight ensued. Employees from the store helped Myers subdue Weir, and Weir was taken to the produce room of the store. After being subdued in the parking lot, Weir attempted

to break free at least twice and each time was subdued.

The last time Weir attempted to break free was while he was being held on the floor by Myers and two store employees in the produce room. When one of the employees lost his grip on one of Weir's legs, Weir raised his leg, reached into his cowboy boot, and pulled a knife about 2 inches out of the boot. The three were able to subdue Weir again. Myers reached in Weir's boot and pulled out a wooden handle knife with a fixed double edge blade. Myers testified that he was familiar with weapons and identified the knife as a boot knife with a fixed blade.

Weir was charged by information in the form of MACH–CR 31.20 with knowingly carrying a concealed weapon, to wit: a boot knife with a four and one-half inch blade. The knife was introduced in evidence, although the record does not reveal that it was passed to the jury.

■ Section 571.010(9) defines a knife as "any dagger, dirk, stiletto, or bladed hand instrument that is readily capable of inflicting serious physical injury or death by cutting or stabbing a person." That section further provides that the word "knife" does not include any ordinary pocket knife with no blade more than four inches in length.

Section 571.030.1(1) provides that a person commits the crime of unlawful use of weapons if he "knowingly ... [c]arries concealed upon or about his person a knife...."

Weir contends the information was faulty because it did not negative the possibility that he was carrying a pocket knife. Weir relies on *State v. Bridges*, 412 S.W.2d 455, 457[2] (Mo.1967), in which the general rule is stated that when an exception constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged.

It is not necessary to decide whether or not the information was required to negative the possibility that the knife Weir was carrying was a pocket knife because the

information did negative that fact when it charged Weir with carrying a boot knife with a blade of four and one-half inches. A pocket knife is defined in Webster's Third New International Dictionary (1971) as a knife with a blade folding into the handle to fit it for being carried in the pocket. *See State v. Harris*, 40 Or.App. 317, 594 P.2d 1318, 1319[1] (1979). It is clear that charging Weir with carrying a boot knife did not charge him with carrying a pocket knife and in fact did negative any idea that Weir was charged with carrying a pocket knife.

■ Weir also contends that the proof was insufficient because the State never proved that the blade on the knife was four and one-half inches in length. The knife was introduced in evidence and it has been deposited here. It is clear that the knife has a fixed double edged blade. Without a folding blade, the knife cannot be a pocket knife.

Weir further contends that his counsel was able to place the knife in his pants pocket and therefore it could be considered to be a pocket knife. The definition quoted above requires a pocket knife to have a folding blade. Under that definition, a knife with a fixed blade cannot be termed a pocket knife within the meaning of the statute, whether or not the knife could be carried in the pocket. Further, it was unnecessary for the state to prove the length of the blade because that fact only becomes relevant if the knife has a folding blade, which would fit it within the definition of a pocket knife. If the knife here had a blade folding into the handle it would have been incumbent upon the State to prove that one of the blades was more than four inches in length in order to show that such knife was not a pocket knife. In this case, the knife had a fixed blade and therefore does not come within the definition of pocket knife, whether or not it could be placed in a pocket. For that reason, the length of the blade is immaterial.

■ Weir further contends that the verdict directing instruction was unsupported by the evidence because that instruction required the jury to find that Weir carried "a knife, a boot knife with a

four and one-half inch blade." Weir contends again that there was no evidence as to the length of the blade of the knife. As stated above, it was not necessary for the State to prove the length of the blade because the blade did not fold into the handle. Even if it be conceded that there was no evidence before the jury as to the length of the blade of the knife Weir had in his boot, the length is unnecessary to be proven in order to prove the offense. Instructions given without evidentiary support must be prejudicial to warrant reversal. *State v. Williams*, 630 S.W.2d 117, 120[4] (Mo.App. 1981). Here, the unsupported submission as to the length of the blade was unnecessary to a finding of Weir's guilt, and even assuming error, there was no prejudice. *Id.* 120[5].

Further, MAI–CR3d 331.20 does not require any description of the knife. Thus, the State assumed a burden greater than it was required to carry in order to prove Weir's guilt. No prejudice could result to Weir in that situation.

The proof satisfied the elements of carrying a knife as a concealed weapon. The judgement is affirmed.

All concur.