IN RE DALE B.

[96 N.C. App. 375 (1989)]

IN THE MATTER OF: DALE B.

No. 8928DC238

(Filed 21 November 1989)

**Concealed Weapons § 1 (NCI3d)— carrying a concealed weapon— knife—ordinary pocketknife**

    The trial court erred by not dismissing a petition alleging that respondent was a delinquent juvenile for carrying a concealed weapon while off his own premises where the weapon was a knife about four and one-half inches in overall length when folded, clearly designed for carrying in a pocket or a purse. The knife in question was an ordinary pocketknife as defined by N.C.G.S. § 14-269(a).

**Am Jur 2d, Weapons and Firearms §§ 2, 8.**

APPEAL by respondent from order entered by *Harrell, Robert L., Judge,* on 15 December 1988 in BUNCOMBE County District Court. Heard in the Court of Appeals 21 September 1989.

In a juvenile petition respondent was alleged to be an undisciplined juvenile by reason of running away and truancy. In another petition, respondent was alleged to be a delinquent juvenile by reason of carrying a concealed weapon while off his own premises.

At the hearing on these petitions, respondent admitted truancy and running away, but denied carrying a concealed weapon. The trial court found against the defendant on both petitions and found respondent to be an undisciplined and a delinquent juvenile. The trial court ordered respondent to be placed on one year's supervised probation. Defendant has appealed from the finding of delinquency and from the order of probation.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Assistant Public Defender Faye A. Burner for respondent-appellant.*

WELLS, Judge.

The statute upon which the order of delinquency is based is N.C. Gen. Stat. § 14-269(a), which provides:

**IN RE DALE B.**

[96 N.C. App. 375 (1989)]

> *Carrying Concealed Weapons.* (a) It shall be unlawful for any person, except when on his own premises, willfully and intentionally to carry concealed about his person any bowie knife, dirk, dagger, slung shot, loaded cane, metallic knuckles, razor, shurikin, stun gun, pistol, gun or other deadly weapon of like kind. This section does not apply to an ordinary pocket knife carried in a closed position. As used in this section, "ordinary pocket knife" means a small knife, designed for carrying in a pocket or purse, which has its cutting edge and point entirely enclosed by its handle, and that may not be opened by a throwing, explosive or spring action.

Respondent does not contend that he was not carrying the knife concealed about his person while off his own premises. His sole contention is that the knife he was carrying is an "ordinary pocket knife" as defined by the statute. We agree.

The only aspect of the charge at issue before the trial court was the size of the knife. The trial court did not agree that the knife was a small knife. Respondent's knife was about four and one-half inches in overall length, when folded, clearly designed for carrying in a pocket or purse. We hold that because the knife in question was an "ordinary pocket knife" as defined by the statute, that charge should have been dismissed.

The order of delinquency is reversed. Since the order as to respondent's undisciplined status is not contested, it is affirmed, and the case is remanded for an appropriate disposition order based on that status.

Affirmed in part, reversed in part, and remanded.

Judges JOHNSON and ORR concur.