647 So.2d 227 (1994)
Peter Richard CURRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-01726.
District Court of Appeal of Florida, Second District.
October 21, 1994.
*228 Stephen L. Romine, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for respondent.
ALTENBERND, Judge.
Peter Richard Curris seeks certiorari review of a circuit court decision affirming his misdemeanor conviction for carrying a concealed weapon. We deny the petition under the standard announced in Combs v. State, 436 So.2d 93 (Fla. 1983).
A deputy sheriff arrested Mr. Curris on June 27, 1993, for carrying a concealed weapon. The deputy filed an arrest report stating that Mr. Curris had allegedly threatened people at a food store with a knife. When the deputy searched Mr. Curris's right front pants pocket, he found a buck knife with a 4-inch blade in an open and locked position.
The state charged Mr. Curris with the misdemeanor offenses of carrying a concealed weapon and improper exhibition of a dangerous weapon. Mr. Curris moved to dismiss the first charge on the ground that section 790.01, Florida Statutes (1989), was unconstitutionally vague.[1] He argued that the failure to provide a more precise definition of "common pocketknife" in section 790.001(13), Florida Statutes (1989), prevented citizens from knowing whether it is legal to carry a buck knife similar to the one in his possession.[2] The trial court denied his motion *229 to dismiss. Thereafter, he pleaded nolo contendere to this charge and the state dropped the improper exhibition charge. Mr. Curris appealed to the circuit court, which affirmed without a written opinion.
Mr. Curris's petition to this court faces several difficult obstacles. First, although Mr. Curris entered his plea purporting to reserve this issue for appeal, the county court never expressly ruled that the issue was dispositive. See State v. Carr, 438 So.2d 826 (Fla. 1983). Such a ruling may be implicit in this case, but the technical requirements for appellate jurisdiction in the circuit court do not exist in this record.
Second, Mr. Curris's motion to dismiss the charges is unsworn. See Fla. R.Crim.P. 3.190(c). Neither the knife nor a photograph of the knife is in the record. The defendant did not file any affidavit suggesting that the knife was in a closed position or that he had not used this knife to threaten the people in the store. If his buck knife was in an open and locked position, there was little to distinguish it from a hunting knife. Thus, to rule in his favor, we would be forced to hold the statute facially unconstitutional in all cases involving a knife. We are not convinced by this record that such a ruling is necessary. See Jay M. Zitter, Annotation, Validity of State Statute Proscribing Possession or Carrying of Knife, 47 A.L.R.4th 651 (1986).
Finally, we note this court has held that a 4-inch buck knife may be a concealed weapon. State v. Ortiz, 504 So.2d 39 (Fla. 2d DCA 1987). At least implicitly, we have treated this statute as facially constitutional. The defendant forcefully argues that whether a specific knife under undisputed facts is or is not a "weapon" should not be determined by the whim of a jury. Cf. State v. Tremblay, 642 So.2d 64 (Fla. 4th DCA 1994) (absent evidence that common household item was used in threatening manner, trial court did not abuse its discretion in dismissing carrying concealed weapon charge against defendant where state only presented evidence that officers found ice pick under front armrest in defendant's car). Other jurisdictions have reached varying results concerning similar statutes.[3] The statute would be more precise if a "common pocketknife" were defined, for example, to except only closed pocket knives with a blade-length no greater than 3 inches. Absent a judicial determination of vagueness or overbreadth, however, such precision in definition is within the province of the legislature.
Petition for certiorari denied.
HALL, A.C.J., and BLUE, J., concur.
NOTES
[1] Section 790.01, Florida Statutes (1989), provided:

(1) Whoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) Nothing in this section shall relate to persons licensed as set forth in ss. 790.05 and 790.06.
(Footnote omitted.)
[2] Section 790.001(13), Florida Statutes (1989), provided:

"Weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife.
[3] See, e.g., In the Matter of Dale B., 96 N.C. App. 375, 385 S.E.2d 521 (1989) (holding that folded knife, which had blade length of 4 1/2 inches, was "ordinary pocket knife," as defined by statute prohibiting carrying concealed weapon, but not "ordinary pocket knife carried in a closed position"); State v. Ramer, 65 Or. App. 480, 671 P.2d 723 (1983) (holding that because dictionary defines "switchblade" as type of pocketknife, carrying concealed switchblade does not violate state statute making it illegal to carry concealed "any knife except a pocket knife"); State v. Hill, 258 Iowa 932, 140 N.W.2d 731 (1966) (reversing conviction for carrying concealed weapon where state failed to offer proof that defendant intended to use as weapons two knives, both of which would lock and had 3 5/8-inch blades, found on defendant's person).