673 So.2d 556 (1996)
Jimmie Rogers BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3094.
District Court of Appeal of Florida, First District.
May 20, 1996.
*557 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant seeks review of convictions for possession of a concealed weapon by a convicted felon and carrying a concealed weapon, and of the revocation of his probation in another case based on those convictions. We have examined the knife involved in these cases, and conclude that whether it constituted a "weapon," as defined in section 790.001(13), Florida Statutes (1993), was a jury question. E.g., State v. Ortiz, 504 So.2d 39 (Fla. 2d DCA 1987). Accordingly, we affirm appellant's conviction for possession of a concealed weapon by a convicted felon without further discussion.
However, we agree that appellant may not be convicted of, and sentenced for, both possession of a concealed weapon by a convicted felon and carrying a concealed weapon, because both offenses arose out of a single episode, and both involved the same act of possession. Maxwell v. State, 666 So.2d 951 (Fla. 1st DCA), review granted, No. 87,290 (Fla. Apr. 11, 1996); Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995); M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995); A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). See also State v. Stearns, 645 So.2d 417, 418 (Fla.1994) (interpreting State v. Brown, 633 So.2d 1059 (Fla. 1994), as standing for proposition that "a defendant could not be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode"). Accordingly, we reverse appellant's conviction and sentence for carrying a concealed weapon, and remand with directions that the trial court enter an amended order revoking probation in appellant's prior case, deleting any reference to carrying a concealed weapon as a basis for revocation; and amended orders placing appellant on community control, followed by probation, for possession of a concealed weapon by a convicted felon only, deleting any reference to the offense of carrying a concealed weapon.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER and WEBSTER, JJ., and SMITH, Senior Judge, concur.