730 So.2d 294 (1999)
Larry M. WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3962
District Court of Appeal of Florida, First District.
January 27, 1999.
Rehearing Denied February 25, 1999.
Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
We affirm appellant's conviction and sentence for possession of a concealed weapon by a convicted felon, as well as his attendant violation of probation. The trial court did not err by denying appellant's sworn motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).
The sworn motion indicates that the search of appellant revealed "[a]n open folding knife, with a blade approximately four inches long and an overall length of approximately nine inches...." The record further reveals that the knife was "locked" in an open position. In L.B. v. State, the Florida Supreme Court held that the term "common pocketknife" as used in section 790.001(13), Florida Statutes (1995), is not unconstitutionally vague. 700 So.2d 370, 373 (Fla.1997). A common pocketknife is excepted from the definition of "weapon" contained in section 790.001(13). This definition applies to the concealed weapon charge involved in the present case.
Appellant now argues that under L.B. the knife he had was a common pocketknife as a matter of law. Appellant compares his legal position to the juvenile appellant in L.B. who had a "folding knife with a 3 ¾-inch blade and an approximate overall length of 8 ½ inches." The supreme court found such a knife to be a common pocketknife "under any intended definition of that term." 700 So.2d at 373.
This case is different. Here, appellant carried the knife in his pocket in an open, locked position. Moreover, the sworn motion is not specific as to the length of the blade, utilizing the term "approximately" to establish the blade's dimensions. Under these facts, we adhere to pre-L.B. case law indicating that whether the knife at issue *295 constituted a weapon was a jury question. See Bell v. State, 673 So.2d 556 (Fla. 1st DCA 1996). To the extent that L.B. establishes a per se rule for the definition of common pocketknife, the rule may be invoked only by a defendant who establishes conclusively that the knife in question has a blade length of four inches or less and that it was carried in the common manner, i.e. in a folded position.
AFFIRMED.
VAN NORTWICK, J., concurs; BENTON, J., dissents with written opinion.
BENTON, J., dissenting.
After the learned trial judge denied the motion to dismiss in the present case, our supreme court ruled in L.B. v. State, 700 So.2d 370, 372-73 (Fla.1997):
[W]e note that Webster's defines "common" as: "known to the community; occurring or appearing frequently esp. in the ordinary course of events; of, relating to, or typical of the many rather than the few." Webster's Third New International Dictionary 458 (1986). Webster's defines "pocketknife" as "a knife with a blade folding into the handle to fit it for being carried in the pocket." Id. at 1747. From these definitions, we can infer that the legislature's intended definition of "common pocketknife" was: "A type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one's pocket."
. . . .
As to the knife at issue here, we hold that petitioner's knife plainly falls within the statutory exception to the definition of "weapon" found in section 790.001(13). In 1951, the Attorney General of Florida opined that a pocketknife with a blade of four inches in length or less was a "common pocketknife." Op. Att'y Gen. Fla. 051-358 (1951). The knife appellant carried, which had a 3 ¾-inch blade, clearly fell within this range.4 Accordingly, appellant's conviction is vacated as we find that the knife in question was a "common pocketnife" under any intended definition of that term.
4We note that neither the Attorney General nor this Court maintains that four inches is a bright line cutoff for determining whether a particular knife is a "common pocketknife." We merely hold that appellant's knife fits within the exception to the definition of weapon found in section 790.001(13). We decline to consider whether a pocketknife with a blade-length in excess of four inches can be considered a "common pocketknife."
The court did not indicate whether or not the knife L.B. had in his possession was locked in an open position.
On the present appeal from denial of his motion to dismiss, the appellant did not move to make the knife part of the record. But the motion to dismiss states:
The knife in the instant case (see photocopy, Appendix 2) is a common pocketknife by virtue of its folding capacity, blade/overall length and the fact that it can easily be carried in a pocket.
Appendix 2 is not part of the record on appeal either, however. In these circumstances, the majority attaches undue significance to the motion's use of the phrase "approximately four inches."
I would remand for reconsideration of the motion to dismiss in light of L.B. with the hope that, in the event of any subsequent appeal, the photocopyif not the knife itself would be made part of the record on appeal. We should at least order that the record be supplemented under Florida Rule of Appellate Procedure 9.200(f)(2) to include the photocopy. "If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given." Fla. R.App. P. 9.200(f)(2).