768 So.2d 510 (2000)
Clyde Timothy BUNKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4511.
District Court of Appeal of Florida, Second District.
September 1, 2000.
R. John Cole, II, P.A., Sarasota, for Appellant.
No appearance required for Appellee.
PER CURIAM.
Clyde Timothy Bunkley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Bunkley was convicted of armed burglary after a jury trial on April 23, 1987. The arresting officer testified as to the following facts: Bunkley broke into a closed, unoccupied Western Sizzlin' Restaurant in the early morning hours, and was apprehended after leaving the structure with a common pocketknife in his pocket. At the time of Bunkley's arrest, the pocketknife, with a blade of 2½ to 3 inches in length, was folded and in his pocket. There is no evidence indicating Bunkley ever used the pocketknife during the burglary, nor that he threatened anyone with the pocketknife at any time.
In his rule 3.850 motion, Bunkley contends the trial court erroneously allowed the jury to determine whether the pocketknife found in his possession could be considered a deadly weapon, rather than concluding it was not as a matter of law. Bunkley concedes that his motion was filed more than two years after his convictions on April 23, 1987, became final. He contends, however, that the arguments raised in his motion were not supported by case law until the supreme court decided L.B. v. State, 700 So.2d 370 (Fla.1997), and that he filed his motion within two years from the date of that decision.
In L.B., the Florida Supreme Court reversed this court's decision finding section 790.001(13), Florida Statutes (1995), unconstitutionally vague. At issue was the exclusion of a "common pocketknife" from the definition of "weapon" in section 790.001(13). See L.B., 700 So.2d at 371. The Florida Supreme Court found that the statutory term was not so vague as to fail to put people of ordinary intelligence on notice of what constitutes forbidden conduct under the statute. See id. To define the term, the court relied upon an Attorney General's opinion that a common pocketknife was one with a blade of four inches or less. Id. (citing Op. Att'y Gen. Fla. 051-358 (1951)). The decision has been characterized by the First District as one *511 that sets out a per se rule. See Walls v. State, 730 So.2d 294 (Fla. 1st DCA 1999).
Rule 3.850(b)(2) provides an exception to the two-year time limitation for filing postconviction motions where "a fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." The test for determining whether an opinion should be applied retroactively was established in Witt v. State, 387 So.2d 922 (Fla.1980). In Witt, the court held that "only major constitutional changes of law" will be given retroactive effect so as to be cognizable under rule 3.850. Id. at 929. The court contrasted "major constitutional changes in the law" with "evolutionary refinements" in the law, stating:
In contrast to jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters....
Witt, 387 So.2d at 929-30.
In State v. Glenn, 558 So.2d 4, 6 (Fla. 1990), the supreme court explained its earlier opinion in Witt, stating:
We held that only major constitutional changes of law which constitute a development of fundamental significance are cognizable under a motion for postconviction relief. Most such "jurisprudential upheavals" in the law fall within two broad categories, i.e., decisions ... which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties, and decisions ... which are of such significant magnitude as to necessitate retroactive application as determined by the three-prong test as applied in Stovall v. Denno, 388 U.S. 293[, 87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967).
(citations omitted).
Applying that test to this case, we hold that L.B. should not be applied retroactively. Accordingly, we affirm the trial court's order. However, because trial courts in Florida need a uniform statewide rule concerning the retroactivity of L.B., we certify the following question as one of great public importance:
SHOULD THE DECISION IN L.B. v. STATE, 700 SO.2D 370 (FLA.1997), THAT A FOLDING POCKETKNIFE WITH A BLADE OF FOUR INCHES OR LESS FALLS WITHIN THE STATUTORY EXCEPTION TO THE DEFINITION OF A "WEAPON" FOUND IN § 790.001(13), BE APPLIED RETROACTIVELY?
Affirmed.
BLUE, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.