798 So.2d 855 (2001)
Marceline PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1866.
District Court of Appeal of Florida, Fifth District.
November 2, 2001.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Marceline Porter appeals her conviction for possession of a weapon by a convicted felon, in violation of section 790.23, Florida Statutes. We affirm.
In December 1999, an officer watched Porter as she stood on a street corner in a high crime area frequented by prostitutes. Her hands were in the pockets of her shorts. The officer saw one vehicle slow down as it neared her, and another stop. She spoke to the occupants of the latter vehicle. The officer approached Porter and eventually asked to search her pockets. She consented, telling the officer that she had a knife in her pocket. The officer retrieved a pocketknife which was in its open position. The blade was 1¾ inches long. When closed the knife measured 2¼ inches long, and when fully extended the knife measured 4 inches long.
*856 Porter moved to dismiss the charges based on L.B. v. State, 700 So.2d 370 (Fla. 1997). L.B. held that as a matter of law a pocketknife whose blade was under four inches in length was a "common pocketknife" excluded from the statutory definition of "weapon."[1] The trial court, however, ruled that whether the pocketknife was a weapon was a jury question because the pocketknife was in the open position in Porter's pocket.
The trial court based its ruling on Walls v. State, 730 So.2d 294 (Fla. 1st DCA 1999). There, the defendant was charged with possession of a weapon by a convicted felon and moved to dismiss based on L.B. In affirming the conviction, the court stated:
Here, appellant carried the knife in his pocket in an open, locked position. Moreover, the sworn motion is not specific as to the length of the blade, utilizing the term "approximately" to establish the blade's dimensions. Under these facts, we adhere to pre-L.B. case law indicating that whether the knife at issue constituted a weapon was a jury question. See Bell v. State, 673 So.2d 556 (Fla. 1st DCA 1996). To the extent that L.B. establishes a per se rule for the definition of common pocketknife, the rule may be invoked only by a defendant who establishes conclusively that the knife in question has a blade length of four inches or less and that it was carried in the common manner, i.e. in a folded position.
Id. at 294-95. In the instant case, Porter has established that the blade she carried was under 4 inches in length, but we agree with Walls that L.B.'s per se rule does not apply when the pocketknife is in the open position.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] Section 790.001(13) provides:

"Weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife.