979 So.2d 1178 (2008)
J.R.P., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-738.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before GREEN, RAMIREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
J.R.P. seeks reversal of the trial court's order finding him guilty of unlawfully carrying a concealed weapon, in violation of section 790.01(1), Florida Statutes (2006). Because the knife J.R.P. was carrying falls *1179 within the common pocketknife exception to the definition of a weapon, we reverse.
Pursuant to a confidential informant's tip that J.R.P. was carrying a knife, a Miami-Dade police officer stopped and searched J.R.P. When asked by the officer, J.R.P. admitted to carrying a knife in his back pocket. The officer confiscated the knife. In his report of the incident, the officer described the knife as a "hunting knife with a four inch blade." Another officer who impounded the knife described it as a "pocketknife."
The defense filed two motions for dismissal on the basis that the State failed to present sufficient evidence that the knife was a weapon. The trial court denied both these motions stating that based on the totality of circumstances the knife was not a pocketknife and that the State had proved its case beyond a reasonable doubt. The trial court withheld adjudication and imposed probation.
J.R.P. appeals that order stating that the knife falls within the common pocketknife exception to the concealed weapons statute. We agree with J.R.P. and reverse. Under section 790.001(3)(a), Florida Statutes (2006), a concealed weapon means "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person." Section 790.001(13), Florida Statutes (2006), further defines a weapon as any "dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife."
In L.B. v. State, 700 So.2d 370, 372 (Fla.1997), the Florida Supreme Court held that a common pocketknife was a "type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one's pocket." Id. The Florida Supreme Court also relied on an opinion from the Attorney General stating that a knife with a blade of four inches or less is a common pocketknife. Id. at 373.
A pocketknife which is found in the open position or which has a distinctive weapon-like characteristic such as a hilt guard or notched combat-style grip, does not fall within the common pocketknife exception. See Porter v. State, 798 So.2d 855, 856 (Fla. 5th DCA 2001); J.D.L.R. v. State, 701 So.2d 626, 627 (Fla. 3d DCA 1997). The knife here was neither open nor did it contain any weapon-like characteristics. J.R.P. simply possessed a knife that can be carried in one's pocket, with a four-inch blade that folds into the handle. Therefore, as a matter of law, J.R.P.'s knife falls within the common pocketknife statutory exception to the definition of a weapon, and J.R.P. could not be found guilty of carrying a concealed weapon.
Accordingly, we reverse the order finding J.R.P. guilty of unlawfully carrying a concealed weapon.
Reversed.