*912
 
 ROTHENBERG, J.
 

 Roland Johnson, who was convicted of aggravated battery with a weapon, carrying a concealed weapon, and resisting an officer with violence, raises two grounds for reversal in this appeal: (1) his conviction for carrying a concealed weapon under section 790.01, Florida Statutes (2007), must be vacated because the “weapon” he possessed was “a common pocketknife,” which is excluded from the definition of a weapon in chapter 790, Florida Statutes (2007); and (2) the peremptory challenge of Ms. Brown by the State was unsupported by a race-neutral reason.
 

 The Knife
 

 Section 790.001(13), Florida Statutes (2007), excludes “a common pocketknife” from its definition of a weapon for purposes of section 790.01(1), carrying a concealed weapon. Because the instrument the defendant carried and ultimately stabbed the officer with was not a common pocketknife, we conclude that the trial court correctly submitted the question as to whether it constituted a “weapon” under the statute to the jury.
 

 The record reflects that the instrument in question was a nail clipper, which the defendant had modified and he was carrying in an open position. By the defendant’s own admissions, he had modified the blade by sharpening the smooth side “for [his] protection,” giving it a distinctive weapon-like characteristic. Therefore, the instrument that the defendant carried in an open position and used to stab the victim — the police officer who was attempting to arrest the defendant — does not fall within the common pocketknife exclusion.
 
 See J.R.P. v. State,
 
 979 So.2d 1178 (Fla. 3d DCA 2008) (noting that a pocketknife which has a distinctive weapon-like characteristic or is found in the open position does not fall within the common pocketknife exception);
 
 Porter v. State,
 
 798 So.2d 855 (Fla. 5th DCA 2001) (finding that although Porter established that the blade of the knife she carried was under four inches in length, because it was carried in the open position, it did not fall within the common pocketknife exclusion);
 
 Walls v. State,
 
 730 So.2d 294, 295 (Fla. 1st DCA 1999) (holding that “[t]o the extent that
 
 L.B.
 
 [v.
 
 State,
 
 700 So.2d 370 (Fla. 1997) ] establishes a per se rule for the definition of common pocketknife, the rule may be invoked only by a defendant who establishes conclusively that the knife in question has a blade length of four inches or less and that it was carried in the common manner, i.e. in a folded position”).
 

 The Peremptory Challenge of Ms. Brown
 

 The defendant contends that the trial court erred by granting the State’s peremptory challenge of Delores Brown. When asked to provide a race-neutral and a gender-neutral reason for its peremptory challenge of Ms. Brown, an African American woman, the State explained that it was concerned that Ms. Brown’s experience as an investigator for the Broward County School Board might influence her deliberations and that she was not being truthful regarding her criminal history. Ms. Brown stated that as an investigator for the School Board she reviews police reports and employment applications and is responsible for determining whether the applicant is ultimately hired. She agreed that she is a pretty good judge of character and that “just because something is written on a police report doesn’t mean that it happened that way.” When asked whether she had ever been arrested or accused of a crime, she stated that she had not. However, a criminal history review revealed that a person with her name, address, date of birth, and social security number was charged with petit theft in 1992, which was nolle prossed after com
 
 *913
 
 pletion of a diversion program, and with criminal mischief in 1995, which resulted in a conviction with a withholding of adjudication and a term of probation. When confronted with this discrepancy, Ms. Brown claimed that her purse had been stolen and she was not the person charged in either case.
 

 The trial court’s decision to accept or reject an attorney’s explanation for his or her peremptory challenge of a juror turns primarily on an assessment of the attorney’s credibility, which we must affirm on appeal unless clearly erroneous.
 
 Melbourne v. State,
 
 679 So.2d 759, 764-65 (Fla.1996);
 
 Reed v. State,
 
 560 So.2d 203, 206 (Fla.1990) (holding that trial judges are vested with broad discretion in determining whether peremptory challenges are racially motivated and an appellate court “must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a ‘feel’ for what is going on in the jury selection process”).
 

 Based on this record, we find no abuse of discretion in concluding that the State’s peremptory challenge of Ms. Brown was supported by genuine race-neutral and a gender-neutral reasons: Ms. Brown may have been too critical of the police officers based upon her work experience and may not have been honest regarding her criminal history.
 

 Affirmed.