29 So.3d 426 (2010)
K.H., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D09-2097.
District Court of Appeal of Florida, Fifth District.
March 5, 2010.
*427 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
K.H., a child, ["K.H."] appeals the trial court's final disposition order withholding adjudication of delinquency and imposing six months of probation after finding K.H. guilty of furnishing a weapon to a minor under eighteen years of age.[1] K.H. argues that the trial court erred by denying his motion for judgment of dismissal.
The minor testified that K.H. sold him a knife for ten dollars. Law enforcement officer Edd Gordon ["Officer Gordon"] testified that he was a school resource officer and that he recovered a switchblade knife from the minor. When asked to describe the knife, Officer Gordon testified: "It was a black steel knife, painted black. It was a switchblade and has a push-button on it that once you push the button, it releases the blade, which swings open." The State entered into evidence the switchblade that Officer Gordon had recovered from the minor.
After the State rested, K.H. moved for a judgment of dismissal, arguing that he did not violate section 790.17(1) because the switchblade is an "ordinary pocketknife," which is excluded under the statutory language. The State countered that the switchblade at issue is not an ordinary pocketknife, asserting that the triggering mechanism of the switchblade distinguishes it from an ordinary pocketknife. The trial court denied the motion.
In L.B. v. State, 700 So.2d 370, 373 (Fla.1997), the Florida Supreme Court found that a knife with a "3 3/4-inch blade" constituted a "common pocketknife" and, thus, fell "within the statutory exception to the definition of `weapon' found in section 790.001(13)." The knife was a "folding knife." Id. at 371. In reaching its conclusion, the Florida Supreme Court noted: "In 1951, the Attorney General of Florida opined that a pocketknife with a blade of four inches in length or less was a `common pocketknife.'" Id. at 373 (citing Op. Att'y Gen. Fla. 051-358 (1951)). It also noted the dictionary definition for the *428 terms "common" and "pocketknife" and said:
From these definitions, we can infer that the legislature's intended definition of "common pocketknife" was: "A type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one's pocket."
Id. at 372.
In J.D.L.R. v. State, 701 So.2d 626, 627 (Fla. 3d DCA 1997), the Third District Court of Appeal found that a knife "d[id] not fall within the Supreme Court's definition of `common pocketknife'" as enunciated in L.B. The Third District explained: "It is, indeed, a `pocketknife,' but it is not a `common' knife. As the trial judge pointed out, its distinctive features are not those characteristic of the typical, ordinary, frequently-occurring pocketknife, but rather are characteristic of a weapon." Id. The knife in question was a "folding knife with a pointed 3 1/2 inch blade, notched combat-style grip and large metal hilt guard (to prevent the user's fingers from sliding onto the blade)." Id. Later, the Third District said: "A pocketknife which is found in the open position or which has a distinctive weapon-like characteristic such as a hilt guard or notched combat-style grip, does not fall within the common pocketknife exception." J.R.P. v. State, 979 So.2d 1178, 1179 (Fla. 3d DCA 2008) (citing Porter v. State, 798 So.2d 855, 856 (Fla. 5th DCA 2001)); J.D.L.R., 701 So.2d at 627).
Here, the trial testimony indicates that the knife at issue is a folding-type switchblade with a double-edged blade approximately three inches in length. A push-button on the knife releases and swings the blade into an open/extended position. This knife had distinctive features not usual for an ordinary or common pocketknife but more characteristic of a knife designed to be a weapon.[2] As such, the trial court did not err by denying K.H.'s motion for judgment of dismissal. See Bunkley v. State, 882 So.2d 890 (Fla.2004).
AFFIRMED.
MONACO, C.J. and EVANDER, J., concur.
NOTES
[1] Section 790.17(1), Florida Statutes (2008), provides:

A person who sells, hires, barters, lends, transfers, or gives any minor under 18 years of age any dirk, electric weapon or device, or other weapon, other than an ordinary pocketknife, without permission of the minor's parent or guardian, or sells, hires, barters, lends, transfers, or gives to any person of unsound mind an electric weapon or device or any dangerous weapon, other than an ordinary pocketknife, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] K.H. asserts that switchblades are not illegal under section 790.225, Florida Statutes (2008), but the fact that a switchblade in question is not prohibited under Florida law does not speak to the issue of whether it is a weapon for purposes of section 790.17(1).